IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 30, 2015 Session

## CITY OF OAK RIDGE v. JOSEPH J. LEVITT, JR.

**Appeal from the Circuit Court for Anderson County**
**No. B1LA0085      Donald Ray Elledge, Judge**

_____

**No. E2014-02354-COA-R3-CV**
**FILED-OCTOBER 21, 2015**

_____


The Oak Ridge City Court found the manager of three apartment buildings liable for several violations of the local building code. The manager appealed to the circuit court, and the City moved to amend the cause to add the purported owner of the properties as a defendant. The case proceeded to trial. After the City closed its proof, the trial court noticed that the purported owner of the property had not been properly made a party to the action. Accordingly, the trial court granted the City's motion to amend. Although the purported owner moved for a mistrial and/or a continuance, the trial court proceeded on to rule against the purported owner for several violations of the local building code. The purported owner appeals. We vacate the judgment of the trial court and remand for further proceedings to allow the purported owner of the properties an opportunity to meaningfully respond to the allegations against him in accordance with Rule 15.01 of the Tennessee Rules of Civil Procedure.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and BRANDON O. GIBSON, J., joined.

Joseph J. Levitt, Jr., Knoxville, Tennessee, Pro se.

Kenneth R. Krushenski, Oak Ridge, Tennessee, for the appellee, City of Oak Ridge, Tennessee.

# OPINION

## Background

Plaintiff/Appellee City of Oak Ridge ("the City") adopted by ordinance the 2003 version of the International Property Maintenance Code ("IPMC"), which contained rules regarding buildings to prevent against structural, environmental, and health issues, such as asbestos. Defendant/Appellant Joseph J. Levitt, Jr. is the alleged owner of a number of apartment buildings within the City.

On March 2, 2009, the City issued three Administrative Search Warrants seeking to search three properties allegedly owned by Mr. Levitt. Upon serving the warrants, on March 2, 2009, Corum Engineering, the City's expert, searched the three properties for IPMC violations. Thereafter, both the City and Corum Engineering created repair sequences for each building.[1]

Based upon the repair sequences created for each building, the City issued several City Warrants alleging violations of the IPMC against Defendant/Appellee Tammy Sandlin, the undisputed manager of the properties at issue.[2] The Oak Ridge City Court ("city court") held separate hearings on each individual building, resulting in three interim orders. Mr. Levitt, who is a licensed Tennessee attorney, represented Ms. Sandlin at the city court hearings, and, indeed, throughout these proceedings. With regard to Building 182, in October 2009, the city court entered an order finding 25 violations of the IPMC. The order also recognized, in footnote, that Mr. Levitt was the actual owner of the property. In December 2009, the city court entered an order finding 35 violations with regard to Building 184. In March 2010, the city court entered an order finding 38 violations of the IPMC for Building 186. On February 16, 2011, the city court entered a final order summarizing the interim orders, finding Mr. Levitt guilty of a total of 98 violations of the IPMC and fining Mr. Levitt $50.00 per violation, per day from the dates of each interim order. The city court indicated that its interim orders, including the footnote naming Mr. Levitt as the owner of the properties, were "incorporated as part of this final order." Nothing in the final order, however, indicated that Mr. Levitt was added as an additional defendant. Ms. Sandlin appealed the city court's decision to the Anderson County Circuit Court on or around February 25, 2011.

---

[1] From our understanding, a repair sequence is list of repairs necessary to comply with the IPMC.

[2] In his brief, Mr. Levitt asserts that the City issued fifteen City Warrants against Ms. Sandlin. Only five City Warrants are contained in the record on appeal.

There was no activity on the case for nearly a year after it was appealed to circuit court. Finally, on February 17, 2012, the City filed a motion to amend "the above captioned matter to add Joseph J. Levitt, Jr. as a Defendant." No amended complaint or City Warrant was attached to the City's motion. Mr. Levitt was served with a copy of the motion as "Attorney for Defendant/Appellant." However, nothing in the record indicates that he was served with process as a defendant to the action. Despite the motion to amend, the case continued to proceed against Ms. Sandlin as the sole defendant.

On the same day, the City filed a motion to allow entry on land to inspect property. On June 22, 2012, the trial court entered an agreed order allowing inspection of the properties. An inspection occurred on July 30, 2012, but the inspector was not permitted to inspect the interior of the apartments. The results from the July 2012 inspection were finalized in an inspection report issued on November 1, 2012 ("November 2012 Inspection Report").

The trial court entered a second order allowing inspection of the properties on February 19, 2014. In this order, the trial court stated that the inspection issue was raised at a status conference between the City and "Defendant/Appellant, by its attorney and owner Joseph J. Levitt." The order further provided that Mr. Levitt "shall permit the inspection." Regardless, the order was captioned with Ms. Sandlin as the only defendant. The second inspection occurred on October 2, 2014. The results from the October 2014 inspection were finalized in an inspection report issued on October 12, 2014 ("October 2014 Inspection Report"). The inspector was again denied access to the interior of the apartments.

The trial court held a *de novo* hearing on October 20, 2014. Mr. Levitt appeared on behalf of Ms. Sandlin. The proof was limited to violations of the IPMC that occurred on or after November 1, 2012 (a total of 650 days). The trial court considered the November 2012 Inspection Report, as well as the October 2014 Inspection Report that was generated after the trial court entered its second order to inspect the property. Corum Engineering's October 2014 Inspection Report noted several issues that had been reported in 2012 but were left unremedied in 2014. With regard to several other issues that had been noted in the November 2012 Inspection Report, the October 2014 Inspection Report indicated that there was "[n]o access provided by owner to interior of apartments to reinspect." After the close of the City's case-in-chief, and testimony from Ms. Sandlin that she was not the owner of the property, the trial court noticed that the cause had never been properly amended to name Mr. Levitt as a defendant. Despite objections by Mr. Levitt, the trial court granted the motion to amend to add Mr. Levitt as a defendant and denied his requests for a mistrial or continuance. Thereafter, testimony was offered to rebut the findings of Corum Engineering; the trial court, however, did not credit this testimony.

3

The trial court eventually entered an order on November 5, 2014. First, the order granted the City's motion to amend to add Mr. Levitt as a party-defendant. As such, this was the first document in the record to name Mr. Levitt as a party-defendant. The order also dismissed all allegations against Ms. Sandlin, leaving Mr. Levitt as the sole defendant. Finally, the trial court found Mr. Levitt guilty of 25 violations of the IPMC (reduced from the 98 violations found by the city court). The trial court also found that Mr. Levitt failed to comply with orders of the court by failing to allow the City access to the interior of the apartments for inspection. The trial court imposed a fine of $25.00 per violation per day for 650 days, for a total judgment of $406,250.00. The order was later amended on November 26, 2014 to correct a typographical error.

## Issues Presented

Mr. Levitt raises a number of issues, which are taken from his brief:

1. Whether the trial court had the authority to levy any monetary penalty for a violation of the [IPMC] when: (a) the Code, as adopted by the City of Oak Ridge, deleted the penalty provisions; and (b) no other penalty ordinance was introduced at trial.
2. Whether the trial court erred when it *sua sponte* replaced the Defendant [Ms.] Sandlin with [Mr.] Levitt as the only Defendant under Rule 15 of the Tennessee Rules of Civil Procedure, or otherwise, after the City rested, and then proceeded to [enter] judgment against him.
3. Whether the trial court erred when it found against [Mr. Levitt] on nine items because "No access provided by owner to interior of apartment to re-inspect[,]" when the apartments were occupied by tenants, and each item was based only on an inspection that occurred prior to November 1, 2012.
4. Whether the trial court erred when it assessed penalties on appeal for Code violations that were not alleged in the [civil] warrants.
5. Whether the trial court erred in placing the burden of proof on the [Mr. Levitt] to prove that a violation did not exist when the City only called for testing to see if a violation existed.
6. Whether the trial court erred in finding the same International Building Code number violation more than once in the same building for the same violation.

4

7.     Whether the trial court erred in awarding judgment against the [Mr. Levitt]:

> for twenty-five (25) violations of the transcript of the Opinion and Order of the Court is attached to this Final order at $25.00 per day per violation for 650 days for a total amount of $406,250.00 for said violations of the City of Oak Ridge Property Maintenance Code as set out in the Opinion of the Court . . .

> When the transcript attached to the ruling found Defendant guilty of only twenty-two (22) violations.

8.     Whether the trial court erred in finding an International Building Code violation when the inspection report only stated what would have to be done in the event of a future structural change to the building.

## Discussion

We begin with Mr. Levitt's argument regarding the propriety of the trial court's decision to amend the case to add Mr. Levitt as defendant during the trial of this cause, as our resolution of this issue is dispositive of this appeal. As previously discussed, throughout the city court proceedings, although the city court recognized that Mr. Levitt was the owner of the properties, Ms. Sandlin was the sole named defendant in the lawsuit. After the appeal to the circuit court, however, the City filed a motion to amend the cause to add Mr. Levitt as a defendant. Nothing in the record, suggests, however, that the City ever set its motion for hearing.[3] Furthermore, despite the City's desire to amend the pleadings, the pleadings were never actually amended to reflect that Mr. Levitt had been added/substituted as defendant prior to trial.

---

[3] The City suggests that because no responsive pleading had been filed, the City was entitled to amend its case to add an additional party without leave of Court. We agree that Rule 15.01 of the Tennessee Rules of Civil Procedure allows a plaintiff to amend its pleadings once as a matter of course before a responsive pleading is served. *See* Tenn. R. Civ. P. 15.01. The City, however, chose not to take advantage of this Rule, but instead clearly sought the trial court's permission to amend the pleadings. *See **Mosley v. State***, No. W2014-01307-COA-R3-CV, 2015 WL 3971883, at *5 (Tenn. Ct. App. June 30, 2015) (indicating that where a plaintiff does not take advantage of its right to amend without leave of the court, this Court cannot correct that choice on appeal). Moreover, as discussed in detail *infra*, the City failed to actually amend the pleadings to reflect that Mr. Levitt was added/substituted as a party. Accordingly, no amendment adding Mr. Levitt was effective prior to the trial on this cause.

5

Instead, the first mention of the City's motion to amend occurred in the middle of the trial on this cause, after the City had already rested its proof. With regard to this issue, the trial court's order indicates that the amendment to add Mr. Levitt as a party-defendant was appropriate because Mr. Levitt had represented that he was the owner of the property during several meetings with the trial court.[4] In addition, Ms. Sandlin testified that Mr. Levitt was the owner of the property. After the amendment was granted, Mr. Levitt moved for a mistrial to employ counsel. Counsel for the City objected on the basis that Mr. Levitt was established as the owner of the property in the February 19, 2014 order allowing inspection of the property, which argument the trial court apparently credited. Mr. Levitt then moved for a continuance to retain counsel. The trial court denied the motion, finding that the case had been proceeding against Mr. Levitt "since 2011." The trial court finally ruled that the amendment to add Mr. Levitt as a party-defendant was proper under Rule 15.01 of the Tennessee Rules of Civil Procedure, or in the alternative, Rule 15.02. We begin with whether the trial court correctly added Mr. Levitt as a party in conformance with Rule 15.02.

## Rule 15.02 of the Tennessee Rules of Civil Procedure

We first dispose of the City's argument that the trial court could appropriately rely on Rule 15.02 to add Mr. Levitt as a party-defendant. Rule 15.02 provides, in relevant part:

> When **issues** not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. The

---

[4] Both the City and the trial court reference multiple statements by Mr. Levitt that he is the true owner of the properties. In the City's brief, however, these contentions are wholly unsupported by references to the record. From our review, it appears that Mr. Levitt's multiple purported admissions prior to trial are not contained in the record, as no transcripts of the relevant hearings exist in the record.

> court may grant a continuance to enable the objecting party to
> meet such evidence.

(Emphasis added).

Mr. Levitt argues that Rule 15.02 is inapplicable to the case-at-bar because the Rule allows the trial court to amend the **issues** raised in the pleadings to reflect issues that were tried but not raised in the pleadings. We agree. Nothing in Rule 15.02 contemplates that it may be utilized to add additional **parties** that were not originally named in the pleadings, simply because the proof at trial may show that a non-party should have been named a party to the lawsuit. The City cites no cases in which Rule 15.02 was utilized to add or substitute a party-defendant. Our research has shown that the Tennessee Supreme Court has previously held that "it would have been error for the trial court to grant such amendment, because an amendment under Rule 15.02 can only be granted as to issues '. . . tried by express or implied consent of the parties . . .', and [the party sought to be added] was not a party to the trial . . . ." ***Harris v. St. Mary's Med. Ctr., Inc.***, 726 S.W.2d 902, 904 (Tenn. 1987). Thus, regardless of whether Mr. Levitt represented himself as the owner of the property, he was not a party when the trial commenced and therefore, his liability was not tried by the consent of the parties. Accordingly, Rule 15.02 is simply inapposite to a request to add a party-defendant.

### Rule 15.01 of the Tennessee Rules of Civil Procedure

Because Rule 15.02 was not a proper vehicle for an amendment to add a party, the amendment in this case falls under Rule 15.01.[5] Rule 15.01 provides, in pertinent part:

> A party may amend the party's pleadings once as a matter of
> course at any time before a responsive pleading is served or, if
> the pleading is one to which no responsive pleading is permitted
> and the action has not been set for trial, the party may so amend

---

[5] The City argues in its brief that the trial court could also have relied upon Rule 21 of the Tennessee Rules of Civil Procedure. Rule 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be
> dropped or added by order of the court on motion of any party or of its own
> initiative at any stage of the action and on such terms as are just. Any claim
> against a party may be severed and proceeded with separately.

From our review of the record, however, Rule 21 was never cited by the City as a basis for the amendment in the trial court and the trial court did not rely upon it in ruling. Furthermore, the fact that the City was permitted to amend its complaint to add Mr. Levitt as a party does not address his argument that his due process rights were violated when he was not given an adequate time to respond to the allegations against him.

7

it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires. . . . A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 15 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Tennessee law has a history of favoring amendments, as noted by the Supreme Court and reflected in this state's Rules of Civil Procedure. The Tennessee Supreme Court explained that the Rules of Civil Procedure "were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading." *Branch v. Warren*, 527 S.W.2d 89, 91 (Tenn. 1975). A trial court's decision to grant a motion to amend pursuant to Rule 15.01 is reviewed under the abuse of discretion standard. *Freeman Indus. LLC v. Eastman Chem. Co.*, 227 S.W.3d 561, 565 (Tenn. Ct. App. 2006). A trial court does not abuse its discretion by granting leave to amend a complaint when the amendment is "necessary to bring before the Court an issue which, if found in favor of the pleader, would be conclusive of the case." *Liberty Mutual Ins. Co. v. Taylor*, 590 S.W.2d 920, 921 (Tenn. 1979).

Although it is difficult to discern from Mr. Levitt's appellate brief, it does not appear that Mr. Levitt is arguing that the City was unable to amend their case to add Mr. Levitt as a defendant pursuant to Rule 15.01, but that doing so in the middle of trial, without appropriate notice, deprived him of his due process rights to defend the action. Indeed, Mr. Levitt asserts that had he been put on notice that he would be personally liable he would have retained his own counsel and modified his defense to include additional witnesses and evidence.

According to Mr. Levitt, the fact that he was not given an opportunity to fully respond to the claims against him after being added as a defendant is a violation of his due process rights. To support his argument, he cites the United States Supreme Court case of *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 120 S. Ct. 1579, 146 L. Ed. 2d 530 (2000). "[F]ederal judicial decisions 'interpreting rules similar to our own are persuasive authority for purposes of construing the Tennessee rule[.]'" *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) (quoting *Harris v. Chern*, 33 S.W.3d 741, 745 n.2 (Tenn. 2000)). "Rule 15 of the Federal Rules of Civil Procedure is very similar to Tennessee Rule 15." *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 904 (Tenn. 1987). Accordingly, federal judicial decisions on Rule 15 are persuasive in this Court.

In ***Nelson***, the plaintiff corporation sued the defendant company for patent infringement. The district court dismissed the claim and awarded the defendant company attorney's fees and costs on the basis that the plaintiff corporation's president and sole shareholder withheld information from the United States Patent and Trademark Office that rendered the plaintiff's patents invalid. ***Nelson***, 529 U.S. at 464. Because there was some fear that the plaintiff corporation would be unable to pay the fee, the defendant company filed a motion to amend the judgment to make the plaintiff corporation's president personally liable. The district court granted the motion, and the Court of Appeals for the Federal Circuit affirmed. ***Id.*** at 465.

The United States Supreme Court reversed, however, concluding that Rule 15 of the Federal Rules of Civil Procedure required that the plaintiff corporation's president be given the opportunity to respond and contest his personal liability for the fee award after he was made a party. As the Supreme Court explained:

> Rule 15 sets out the requirements for amended and supplemental pleadings. On that score, the Court of Appeals observed that as long as no undue prejudice is shown, "due process requirements are met if the requirements of Rule 15 are met." 175 F.3d, at 1349, n. 5. But in the instant case, the requirements of Rule 15 were not met. . . . [D]ue process does not countenance such swift passage from pleading to judgment in the pleader's favor. *See **id.***, at 1352.
>
> The propriety of allowing a pleading alteration depends not only on the state of affairs prior to amendment but also on what happens afterwards. Accordingly, Rule 15 both conveys the circumstances under which leave to amend shall be granted and directs how the litigation will move forward following an amendment. When a court grants leave to amend to add an adverse party after the time for responding to the original pleading has lapsed, the party so added is given "10 days after service of the amended pleading" to plead in response. Fed. Rule Civ. Proc. 15(a). This opportunity to respond, fundamental to due process, is the echo of the opportunity to respond to original pleadings secured by Rule 12. *See* Fed. Rule Civ. Proc. 12(a)(1). Thus, Rule 15 assumes an amended pleading will be filed and anticipates service of that pleading on the adverse party.

The Court then considered the notice that was afforded to the plaintiff corporation's president:

> [The plaintiff corporation's president] was never served with an amended pleading. Indeed, no such pleading was ever actually composed and filed in court. Nor, after the amendment naming him as a party, was [the plaintiff corporation's president] accorded 10 days to state his defenses against personal liability for costs and fees. Instead, judgment was entered against him the moment permission to amend the pleading was granted. Appeal after judgment, in the circumstances this case presents, did not provide an adequate opportunity to defend against the imposition of liability. *Cf.* ***American Surety Co. v. Baldwin***, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). [The defendant company] points to nothing in the record indicating that [the plaintiff corporation's president] affirmatively relinquished his right to respond on the merits of the case belatedly stated against him in his individual capacity. Accordingly, the proceedings did not comply with Rule 15, and neither did they comport with due process. *See, e.g.,* ***Mullane v. Central Hanover Bank & Trust Co.***, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'") (quoting ***Grannis v. Ordean***, 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363 (1914)).

*Nelson*, 529 U.S. at 466.

The Supreme Court also rejected the theory that the request to amend the pleadings to add the plaintiff corporation's president as a plaintiff was sufficient notice to satisfy Rule 15 and due process. According to the Court:

> It is true that [the plaintiff corporation's president] knew as soon as [the defendant company] moved to amend the pleading and alter the judgment that he might ultimately be subjected to personal liability. One could ask, therefore, whether [the plaintiff corporation's president] in fact had a fair chance, before alteration of the judgment, to respond and be heard. Rule 15 and the due process for which it provides, however, demand a more reliable and orderly course. First, as the Rule indicates,

10

pleading in response to an amended complaint is a prerogative of parties, *see* Fed. Rule Civ. Proc. 15(a), and [the plaintiff corporation's president] was not a party prior to the District Court's ruling on [the defendant company's] motion to amend. Second, as Rule 15 further prescribes, the clock on an added party's time to respond does not start running until the new pleading naming that party is served, *see **ibid.***, just as the clock on an original party's time to respond does not start running until the original pleading is served, see Fed. Rule Civ. Proc. 12(a)(1)(A). This is not to say that Rule 15 is itself a constitutional requirement. **Beyond doubt, however, a prospective party cannot fairly be required to answer an amended pleading not yet permitted, framed, and served.**

*Nelson*, 529 U.S. at 467–68 (emphasis added). Because the plaintiff corporation's president was "never afforded a proper opportunity to respond to the claim against him," the United States Supreme Court vacated the judgment against him and remanded for further proceedings concerning whether the plaintiff's corporation's president could be held personally liable for the fees owed by the corporation. *Id.* at 468.

The situation presented in *Nelson* is highly analogous to the case-at-bar. As the Tennessee Supreme Court explained:

> Two of the "essential requirements of due process . . . are notice and an opportunity to respond." ***Cleveland Bd. of Educ. v. Loudermill***, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." ***Id.***; *see also **Heyne v. Metro. Nashville Bd. of Public Educ.***, 380 S.W.3d 715, 732 (Tenn. 2012).

***Moncier v. Bd. of Prof'l Responsibility***, 406 S.W.3d 139, 153 (Tenn. 2013). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." ***Mathews v. Eldridge***, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting ***Armstrong v. Manzo***, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).

Here, Mr. Levitt was not added as a party-defendant until after the City had closed its case-in-chief at trial. Much like in *Nelson*, no amended pleading was ever filed in the circuit

11

court that put Mr. Levitt on notice of his status as a defendant in the case. As such, Mr. Levitt was never served with an amended complaint or City Warrant naming him as a defendant. The City argues, however, that Mr. Levitt had sufficient notice that he would be personally liable for the alleged IPMC violations. To support its contention, the City cites the trial court's February 2014 order permitting inspection of the property, in which Mr. Levitt is characterized as the owner of the property. Respectfully, an order indicating that Mr. Levitt is the owner of the property is not sufficient to also put him on notice that he is the defendant in the action, regardless of whether Mr. Levitt admitted that he was owner of the property during the proceedings. The Tennessee Supreme Court has held that: "[s]uccessful amendments [to add a defendant] require four discrete actions . . . : (1) the filing and (2) granting of a motion to amend, (3) the filing of an amended complaint, and (4) the issuance of process." ***Jones v. Prof'l Motorcycle Escort Serv., L.L.C.***, 193 S.W.3d 564, 570 (Tenn. 2006). Here, no amended complaint or City Warrants were ever filed naming Mr. Levitt as the defendant, and the caption of this cause was not amended until after the trial. As such, Mr. Levitt was never served with an amended complaint or City Warrant naming him as a defendant. The Tennessee Supreme Court has unequivocally held that "actual notice of the lawsuit is **not** 'a substitute for service of process when the Rules of Civil Procedure so require.'" ***Hall v. Haynes***, 319 S.W.3d 564, 572 (Tenn. 2010) (emphasis added) (quoting ***Frye v. Blue Ridge Neurosci. Ctr.***, P.C., 70 S.W.3d 710, 715 (Tenn. 2002)).

In addition, it appears that the Local Rules of the Anderson County Circuit Court provide that all pre-trial motions that are not set for hearing may be deemed to be abandoned, unless otherwise ordered by the court for good cause shown. *See* Anderson Cnty. Local R. of Ct. 117.04(d) ("All such motions not called for hearing prior to trial date will be deemed to have been abandoned unless otherwise ordered by the COURT for good cause shown."). Because the City never called its motion for a hearing, it was reasonable for Mr. Levitt to conclude that the City had abandoned it. Under these circumstances, we must conclude that Mr. Levitt was not properly made a party to the lawsuit until, at the earliest, the trial court granted the motion to amend during the trial on this cause.

The City next argues that because the amendment occurred during trial, Mr. Levitt had sufficient time in which to respond to the allegations against him. According to the City, the lack of notice was greater in ***Nelson*** because judgment was entered against the plaintiff corporation's president immediately upon being added as a party. We respectfully disagree. First, we note that although the trial court orally granted the City's motion to amend during the trial, the trial court did not enter a written order naming Mr. Levitt as a defendant until November 5, 2014, after the trial. In Tennessee, courts generally speak through written orders rather than oral rulings. *See **Alexander v. JB Partners***, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011) ("[A] court speaks through its orders and not through the transcript."). Thus, much

like in *Nelson*, judgment was entered against Mr. Levitt "the moment" that he was properly made a party to the action. *See Nelson*, 529 U.S. at 466.

Even assuming, however, that the trial court's oral ruling was sufficient to amend the case to add Mr. Levitt as a party-defendant, we must conclude that an amendment during trial deprived Mr. Levitt of appropriate time in which to respond to the allegations against him. Rule 15.01 of the Tennessee Rules of Civil Procedure unequivocally allows a party a time period the greater of "the time remaining for response to the original pleading or within 15 days after service of the amended pleading" to respond to an amended pleading. Here, Mr. Levitt was forced to immediately defend his liability at trial in direct violation of Rule 15.01. Instead, even assuming that Mr. Levitt was made a party to this case during trial, he was required to proceed to trial to defend himself, without the benefit of his own counsel or adequate trial preparation and in spite of his requests for a mistrial or continuance to remedy those deficiencies. Like the United States Supreme Court, we must conclude that this practice fails to comport with due process.[6]

Because Mr. Levitt was not afforded an appropriate opportunity to respond after the trial court granted the City's motion to amend, we must vacate the judgment against him and remand for further proceedings, including the filing and serving of an amended complaint or City Warrant against Mr. Levitt, and if necessary, a new trial in which Mr. Levitt is permitted an opportunity to contest the claims against him.[7] All other issues are pretermitted.

---

[6] The City also argues that there was no due process violation because "the presence of [Ms.] Sandlin as a party in lieu of Mr. Levitt himself was a mistake or misnomer correctable by an amendment that related back to the original pleadings." This Court has held, however, that "[a] mistake within the meaning of Rule 15.03 does not exist simply because the party who may be liable for conduct alleged in the original complaint was omitted as a party defendant." *Rainey Bros. Constr. Co. v. Memphis & Shelby Cnty. Bd. of Adjustment*, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991). As the City points out repeatedly throughout its brief, the City was put on notice of Mr. Levitt's ownership of the property by Mr. Levitt's own purported admissions in the city court action. Accordingly, there can be no mistake as to the proper party in this case.

[7] The United States Supreme Court indicated that to proceed against a party without appropriate due process "has been questioned even in systems, real and imaginary, less concerned than ours with the right to due process[,]" citing Lewis Carroll's well-known book *Alice in Wonderland and Through the Looking Glass*. As quoted by the *Nelson* Court, the book offers this example:

> "Herald, read the accusation!" said the King.

> On this the White Rabbit blew three blasts on the trumpet, and then unrolled the parchment scroll, and read as follows:

> *"The Queen of Hearts, she made some tarts,*
> *All on a summer day:*
> *The Knave of Hearts, he stole those tarts,*

13

## Conclusion

The judgment of the Anderson County Circuit Court is vacated and this cause remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellee, the City of Oak Ridge, for which execution may issue if necessary.

 

_____

J. STEVEN STAFFORD, JUDGE

---

*And took them quite away!"*

"Consider your verdict," the King said to the jury.

"Not yet, not yet!" the Rabbit interrupted. "There's a great deal to come before that!"

*Nelson*, 529 U.S. at 468 n.2 (quoting Lewis Carroll, *Alice in Wonderland and Through the Looking Glass* 108 (Messner 1982) (emphasis in original)).