FILED

08/04/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2022

IN RE SKYLAR M.

Appeal from the Chancery Court for Cumberland County
No. 2020-CH-1884        Ronald Thurman, Chancellor

_____

No. E2022-00119-COA-R3-PT
_____

The trial court terminated the parental rights of the father upon concluding that the petitioners had proven by clear and convincing evidence the following statutory grounds of termination:  (1) abandonment by failure to visit the child, (2) abandonment by failure to support the child, (3) persistence of the conditions that led to the child's removal from the father's custody, (4) failure to manifest an ability and willingness to assume legal and physical custody of the child as a putative father, and (5) risk of substantial harm to the child's physical or psychological welfare if returned to the putative father's legal and physical custody.  The father timely appealed.  Upon review of the final order, we conclude that the trial court did not comply with Tennessee Code Annotated § 36-1-113(k) due to its failure to include sufficient findings of fact in its written order.  We therefore vacate the trial court's judgment and remand this matter to the trial court for the expedited entry of sufficient written findings of fact.  We deny the petitioners' request for attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Cynthia S. Lyons, Cookeville, Tennessee, for the appellant, Thomas M.

Patricia Moore, Crossville, Tennessee, for the appellees, Stacy M. and Donald M., II.

**OPINION**

I.  Factual and Procedural Background

On October 14, 2020, the petitioners and maternal grandparents of Skylar M. ("the Child"), Donald M., II, and Stacy M. (collectively, "Grandparents"), filed a "Petition for Termination of Parental Rights and Adoption of a Related Child" ("Petition"). Grandparents relayed in their Petition that they had been awarded temporary legal custody of the Child in August 2019 and permanent legal custody in January 2020 by the Cumberland County Juvenile Court ("juvenile court") upon Grandparents' filing of a "Petition for Emergency Custody." Grandparents alleged statutory grounds supporting termination of the parental rights of the Child's parents, Addison W. ("Mother") and Thomas M. ("Father") (collectively, "Parents"). Mother voluntarily surrendered her parental rights to the Child on December 7, 2021, and is not a party to this appeal; thus, we will focus solely on the grounds and best interest analysis applicable to termination of Father's parental rights.

With respect to Father, Grandparents asserted four grounds for termination: (1) abandonment by failure to support the Child for a period of four consecutive months immediately preceding the filing of the Petition, (2) abandonment by failure to visit the Child for a period of four consecutive months immediately preceding the filing of the Petition; (3) persistence of the conditions that led to the removal of the Child; and (4) failure to manifest an ability and willingness to assume legal and physical custody of or financial responsibility for the Child.

After conducting a bench trial concerning the Petition on December 7, 2021, the trial court entered an order on January 5, 2022, in which it terminated Father's parental rights to the Child, concluding that Grandparents had presented clear and convincing evidence to support a finding of the following statutory grounds: (1) abandonment by failure to visit, (2) abandonment by failure to support, (3) persistence of the conditions that led to removal of the Child, (4) failure to manifest an ability and willingness to assume legal and physical custody of the Child as a putative father, and (5) risk of substantial harm to the Child's physical or psychological welfare if returned to the putative father's legal and physical custody.[1] In addition, the court concluded that clear and convincing evidence

---

[1] Although Grandparents alleged that Father had failed to manifest an ability and willingness to assume legal and physical custody of or financial responsibility for the Child, pursuant to Tennessee Code Annotated § 36-1-113(g)(14) (2021), the trial court instead concluded that clear and convincing evidence supported grounds of a putative father's failure to manifest an ability and willingness to assume legal and physical custody of the child, pursuant to Tennessee Code Annotated § 36-1-113(g)(9)(A)(iv) (Supp. 2020), and risk of substantial harm to the child's physical or psychological welfare if returned to the putative father's legal and physical custody pursuant to Tennessee Code Annotated § 36-1-113(g)(9)(A)(v) (Supp. 2020). These two grounds applicable to putative fathers were not alleged in the Petition. We note that a trial court may only find a ground for termination that is not alleged in the termination petition if the record clearly demonstrates that the unpled ground was tried by implied consent. *See In re Johnny K.F.*, No. E2012-02700-COA-R3-PT, 2013 WL 4679269, at *8 (Tenn. Ct. App. Aug. 27, 2013) ("The strict application of procedural requirements in cases involving the termination of parental rights requires that before there can be a finding that a ground for termination not alleged in the petition was tried by implied consent, the record must be clear that such ground indeed was tried by implied consent."). "To make such

supported a determination that it was in the Child's best interest that Father's parental rights be terminated. Father timely appealed.

## II. Issues Presented

Father raises the following issues for this Court's review, which we have restated slightly as follows:

1.  Whether the trial court erred by finding clear and convincing evidence of statutory grounds for the termination of Father's parental rights.

2.  Whether the trial court erred by finding clear and convincing evidence that termination of Father's parental rights was in the Child's best interest.

Grandparents have raised the following additional issue, which we have restated slightly as follows:

3.  Whether this Court should award attorney's fees to Grandparents due to the purportedly frivolous nature of Father's appeal.

## III. Standard of Review

In a termination of parental rights case, this Court has a duty to determine "whether the trial court's findings, made under a clear and convincing standard, are supported by a preponderance of the evidence." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). The trial court's findings of fact are reviewed *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates against those findings. *See* Tenn. R. App. P. 13(d); *see also In re Carrington H.*, 483 S.W.3d 507, 523-24 (Tenn. 2016); *In re F.R.R., III*, 193 S.W.3d at 530. Questions of law, however, are reviewed *de novo* with no presumption of correctness. *See In re Carrington H.*, 483 S.W.3d at 524 (citing *In re M.L.P.*, 281 S.W.3d 387, 393 (Tenn. 2009)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

---

a finding, it must be clear from the record that the evidence presented that is relevant to the unpled ground had no relevance to any other issue being presented to the Trial Court." *Id.* Inasmuch as we are vacating the trial court's order and remanding for sufficient findings of fact, we decline to determine whether the record clearly demonstrates that these two putative father grounds were tried by implied consent.

"Parents have a fundamental constitutional interest in the care and custody of their children under both the United States and Tennessee constitutions." *Keisling v. Keisling*, 92 S.W.3d 374, 378 (Tenn. 2002). It is well established, however, that "this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). As our Supreme Court has explained:

> The parental rights at stake are "far more precious than any property right." *Santosky* [*v. Kramer*], 455 U.S. [745,] 758-59 [(1982)]. Termination of parental rights has the legal effect of reducing the parent to the role of a complete stranger and of ["]severing forever all legal rights and obligations of the parent or guardian of the child." Tenn. Code Ann. § 36-1-113(l)(1); *see also Santosky*, 455 U.S. at 759 (recognizing that a decision terminating parental rights is "*final* and irrevocable"). In light of the interests and consequences at stake, parents are constitutionally entitled to "fundamentally fair procedures" in termination proceedings. *Santosky*, 455 U.S. at 754; *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty, N.C.*, 452 U.S. 18, 27 (1981) (discussing the due process right of parents to fundamentally fair procedures).
>
> Among the constitutionally mandated "fundamentally fair procedures" is a heightened standard of proof—clear and convincing evidence. *Santosky*, 455 U.S. at 769. This standard minimizes the risk of unnecessary or erroneous governmental interference with fundamental parental rights. *Id.*; *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.* 319 S.W.3d at 596 (citations omitted). The clear-and-convincing-evidence standard ensures that the facts are established as highly probable, rather than as simply more probable than not. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005).
>
> * * *
>
> In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights. *In re Bernard T.*, 319 S.W.3d at 596-97.

- 4 -

*In re Carrington H.*, 483 S.W.3d at 522-24. "[P]ersons seeking to terminate [parental] rights must prove all the elements of their case by clear and convincing evidence," including statutory grounds and the best interest of the child. *See In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010).

IV.  Statutory Grounds for Termination of Father's Parental Rights

Tennessee Code Annotated § 36-1-113 (2021) lists the statutory requirements for termination of parental rights, providing in relevant part:

(a)     The chancery and circuit courts shall have concurrent jurisdiction with the juvenile court to terminate parental or guardianship rights to a child in a separate proceeding, or as a part of the adoption proceeding by utilizing any grounds for termination of parental or guardianship rights permitted in this part or in title 37, chapter 1, part 1 and title 37, chapter 2, part 4.

\* \* \*

(c)     Termination of parental or guardianship rights must be based upon:

(1)     A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and

(2)     That termination of the parent's or guardian's rights is in the best interests of the child.

Tennessee Code Annotated § 36-1-113(k) (2021) requires trial courts to "enter an order that makes specific findings of fact and conclusions of law" with respect to the statutory grounds and best interest of the Child.

In its final order, the trial court concluded that clear and convincing evidence supported a finding of five statutory grounds to terminate Father's parental rights:  (1) abandonment by failure to visit pursuant to Tennessee Code Annotated §§ 36-1-113(g)(1) and -102(1)(A)(i) (2021); (2) abandonment by failure to support pursuant to Tennessee Code Annotated §§ 36-1-113(g)(1) and -102(1)(A)(i) (2021); (3) persistence of the conditions that led to removal of the Child pursuant to Tennessee Code Annotated § 36-1-113(g)(3) (2021); (4) failure to manifest an ability and willingness to assume legal and physical custody of the Child, as applied to a putative father, pursuant to Tennessee Code Annotated § 36-1-113(g)(9)(A)(iv) (Supp. 2020); and (5) risk of substantial harm to the Child's physical or psychological welfare if returned to the legal and physical custody of

the Father, as a putative father, pursuant to Tennessee Code Annotated § 36-1-113(g)(9)(A)(v) (Supp. 2020). Although Father contests only the trial court's finding as to the statutory grounds of abandonment by failure to visit and failure to support, we must review every statutory ground found in the trial court's order. *See In re Carrington H.*, 483 S.W.3d at 525-26 (holding that this Court "must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal").

Father specifically contends that Grandparents failed to present evidence that Father had the ability to visit or support the Child. However, we cannot properly assess Father's arguments or otherwise determine whether the evidence at trial preponderates against the trial court's findings of fact due to the dearth of factual findings in the trial court's final order, specifically with reference to statutory grounds. Although Father has not challenged the sufficiency of the court's findings of fact, we must address the absence of findings because a trial court's failure to comply with Tennessee Code Annotated § 36-1-113(k) "affects the viability of the appeal." *See In re C.R.B.*, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *4 (Tenn. Ct. App. Nov. 13, 2003). Inasmuch as the court's written order does not include any factual findings in support of its legal conclusions that grounds for termination exist, we must vacate and remand for the court to make sufficient findings of fact for each statutory ground for termination. *Id.*

In so ruling, we note that courts in Tennessee speak through their written orders, rather than oral rulings, *see City of Oak Ridge v. Levitt*, 493 S.W.3d 492, 503 (Tenn. Ct. App. 2015), and that Tennessee Code Annotated § 36-1-113(k) requires that a court's factual findings and legal conclusions be dictated in a written order. "Thus, when this Court undertakes a review of a parental termination case, we are concerned with whether the trial court's final written order, not its oral statements to the parties, satisfies the statute." *In re B.L.R.*, No. W2004-02636-COA-R3-PT, 2005 WL 1842502, at *11 (Tenn. Ct. App. Aug. 4, 2005). We therefore confine our review of the trial court's findings of fact and conclusions of law to its written order, rather than any oral statements made at trial.

Tennessee Code Annotated § 36-1-113(k) requires trial courts to "enter an order that makes specific findings of fact and conclusions of law." "Thus, trial courts must prepare and file written findings of fact and conclusions [of] law with regard to every disposition of a petition to terminate parental rights, whether they have been requested or not." *In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003). This Court has previously underscored the importance of this statutory provision, stating that we "strictly construe" this provision, "require meticulous compliance with its mandates," and regard this requirement "with great seriousness" rather than as a "trivial technicality." *In re Adoption of T.L.H.*, No. M2008-01408-COA-R3-PT, 2009 WL 152475, at *5 (Tenn. Ct. App. Jan. 21, 2009) (quoting *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004)). Findings of fact recited in a written order

demonstrate that an "individualized decision" has been made by the trial court, "facilitate appellate review," and "promote the just and speedy resolution of appeals." *Muir*, 2003 WL 22794524, at *3.

Without such findings of fact, this Court is "left to wonder on what basis the court reached its ultimate decision." *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004). Therefore, if a trial court does not comply with Tennessee Code Annotated § 36-1-113(k), "we cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases." *Muir*, 2003 WL 22794524, at *3. Rather, we must remand the case "for the preparation of appropriate written findings of fact and conclusions of law." *Id.*

In the present case, the trial court stated in its order in pertinent part:

This Court has established by clear and convincing evidence as to the termination of parental rights:

That [Father] has willfully and voluntarily abandoned the child pursuant to T.C.A. § 36-1-102(1)(A)(i), in that he has willfully and voluntarily failed to visit and make reasonable payments of support for the child for a period exceeding the statutory requirement of four (4) consecutive months immediately preceding the filing of this Petition;

That [Father] has failed to seek reasonable visitation with the child, and if visitation has been granted, ha[s] failed to visit altogether, or has engaged in only token visitation as defined in T.C.A. § 36-1-10[2](1)(C);

That [Father] failed to manifest an ability and willingness to assume legal and physical custody of the child pursuant to T.C.A. § 36-1-113(g)(9)(A)(iv);

That [Father] ha[s] willfully abandoned the child pursuant to T.C.A. § 36-1-113(g)(1);

That placing the minor child in [Father's] care and physical custody would pose a risk of substantial harm to the physical or psychological welfare of the child pursuant to T.C.A. § 36-1-113(g)(9)(A)(v);

That pursuant to T.C.A. § 36-1-113(g)(3), the child has been removed from the home(s) of the parents by order of a court for a period of six (6) months and:

> The conditions surrounding [Father] in all reasonable probability would cause the child to be subjected to further abuse or neglect and which, therefore, prevent the child's safe return to the care of the parents or guardians still persist.
>
> There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parents or guardians in the near future; and
>
> The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home.

(Paragraph numbering and lettering omitted.) These determinations, however, merely mirror the statutory language and constitute conclusions of law without respective supporting findings of fact.

This Court has previously concluded that purported findings of fact that merely reiterate the statutory language and conclude that the parent has abandoned the child do not constitute findings of fact but rather conclusions of law. *See In re Navada N.*, 498 S.W.3d 579, 594 (Tenn. Ct. App. 2016) ("[W]e decline to conclude that mere legal conclusions fulfill the trial court's obligations or are sufficient to satisfy the directive of Tennessee Code Annotated Section 36-1-113(k)."); *In re K.N.R.*, No. M2003-01301-COA-R3-PT, 2003 WL 22999427, at *4 (Tenn. Ct. App. Dec. 23, 2003) (concluding that "a recitation in a final order that a parent has 'abandoned the child' is a conclusion of law, not a finding of fact" and that "placing the statement (abandoned the child) following the popular phrase 'the Court therefore finds' does not transform a conclusion of law into a finding of fact"). Instead, the court's order "must set forth the findings of fact that underlie the conclusions of law." *In re Adoption of T.L.H.*, 2009 WL 152475, at *5. Specifically, courts terminating a respondent's parental rights must include sufficient factual findings to establish each element of the statutory ground for termination. *See In re Dominic B.*, No. E2020-01102-COA-R3-PT, 2021 WL 774185, at *8 (Tenn. Ct. App. Mar. 1, 2021) ("Being an element of the statutory ground, it is a factor that must be established and found."). In the case at bar, the trial court provided only conclusions of law without any supporting factual findings with respect to statutory grounds.

We note that the trial court's order appears to provide certain factual findings in its analysis of the best interest factors enumerated in Tennessee Code Annotated § 36-1-113(i). However, we decline to parse through the court's best interest analysis for factual findings, which we could only speculate served as a foundation for the court's legal conclusions that grounds for termination existed. As the reviewing court, it is not within our purview to discern a trial court's reasoning by associating factual findings within the best interest analysis to specific grounds for termination. *See In re Navada N.*, 498 S.W.3d at 594 ("It is not the role of this Court to parse the record in search of clear and convincing evidence to support DCS's case or to make factual findings where the trial court fails to do so.").

Furthermore, as our Supreme Court has previously explained: "The best interests analysis is separate from and subsequent to the determination that there is clear and convincing evidence of grounds for termination." *In re Angela E.*, 303 S.W.3d 240, 254 (Tenn. 2010) (emphasis added) (rejecting the petitioners' attempt to "leapfrog" to the best interests analysis without addressing "the trial court's fatal omission of findings and conclusions relative to the grounds for termination"); *see In re Zoey L.*, No. E2019-01702-COA-R3-PT, 2020 WL 2950549, at *2 (Tenn. Ct. App. June 3, 2020) ("The statutory requirement to prepare written findings of fact and conclusions of law also applies with equal force to both the grounds and the best interest components of parental termination cases."); *In re C.B.W.*, No. M2005-01817-COA-R3-PT, 2006 WL 1749534, at *6 (Tenn. Ct. App. June 26, 2006) ("While the parent's rights are the focus in the grounds stage, the best interest of the child becomes the paramount consideration after the court has determined that at least one ground has been proved by clear and convincing evidence.") (emphasis added). Thus, without sufficient factual findings to support statutory grounds for termination, we decline to review the court's best interest analysis and determination. *See Angela E.*, 303 S.W.3d at 255.

In light of Tennessee Code Annotated § 36-1-113(k), as well as our High Court's and this Court's repeated emphasis on the importance of a trial court's written recitation of factual findings in parental termination actions, we must vacate the trial court's termination judgment by reason of insufficient findings of fact. We echo our Supreme Court's reluctance to "prolong the uncertainty" for both the Child, Father, and Grandparents and "do not relish the thought of causing further discord"; however, the "requirements of the termination statute" and "the constitutional implications involved in the termination of 'perhaps the oldest of the fundamental liberty interests,' leave us with no other choice." *See Angela E.*, 303 S.W.3d at 255. (internal citations omitted). We therefore vacate the trial court's order, remand for the preparation of sufficient written findings of fact for statutory grounds, and direct that the trial court expedite the disposition of this case on remand. We emphasize that this decision does not affect the physical custody of the Child in Grandparents' care during the pendency of this matter.

V.  Attorney's Fees on Appeal

Grandparents contend that they should be awarded attorney's fees, pursuant to Tennessee Code Annotated § 27-1-122, given the purportedly frivolous nature of Father's appeal.  Tennessee Code Annotated § 27-1-122 (2017) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

We do not find Father's appeal to be frivolous, particularly considering the outcome of the appeal.  We therefore deny Grandparents' request for attorney's fees.

VI.  Conclusion

For the foregoing reasons, the trial court's judgment terminating Father's parental rights to the Child is vacated.  This case is remanded to the trial court, pursuant to applicable law, for the expedited preparation of sufficient written findings of fact. Grandparents' requests for an award of fees on appeal is denied.  Costs on appeal are taxed to the appellees, Stacy M. and Donald M., II.


s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE