# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 22, 2016 Session

## JOAN STEPHENS, ET AL. v. HOME DEPOT U.S.A., INC., ET AL.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 2014-78     Michael Binkley, Judge**

———————————

**No. M2016-00509-COA-R3-CV – Filed November 30, 2016**

———————————

This case arises out of a workplace injury. The injured worker and her husband filed this lawsuit asserting various causes of action against numerous defendants. The trial court dismissed one of the defendants upon finding that the defendant was entitled to workers' compensation immunity. The trial court certified its order of dismissal as final pursuant to Tennessee Rule of Civil Procedure 54.02. Plaintiffs appeal, claiming that the defendant waived the affirmative defense of workers' compensation immunity, that the trial court applied the wrong standard for a motion to dismiss, and that the particular claims asserted are not barred by the exclusive remedy provision of the workers' compensation law. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Constance F. Mann, Franklin, Tennessee, for the appellants, Joan Stephens and Doug Stephens.

Richard E. Spicer and Lance William Thompson, Nashville, Tennessee, for the appellee, Bayer CropScience, LP.

## OPINION

### I.   FACTS & PROCEDURAL HISTORY

In 2013, Joan Stephens was employed by a temporary staffing company called

Belcan Corporation ("Belcan").[1]  She was hired by Belcan to work in Home Depot stores in a "Weekend Warrior" program, in which she would assist Home Depot customers with pesticides and other products manufactured by Bayer CropScience, LP.  Belcan had a contract with Bayer CropScience whereby Belcan contractually agreed to provide safety training to employees such as Mrs. Stephens.  Belcan provided Mrs. Stephens with a job description requiring her to refill the product shelves at the beginning and end of her shift.  On April 13, 2013, Mrs. Stephens fell from a ten-foot ladder while attempting to retrieve a box of Bayer CropScience product from an upper shelf.

On February 19, 2014, Mrs. Stephens and her husband instituted this lawsuit in the circuit court for Williamson County, seeking to recover for her injuries.  The procedural history of the case is convoluted.  The original complaint named only one defendant -- Home Depot U.S.A., Inc. d/b/a Home Depot.  Plaintiffs' complaint acknowledged that Mrs. Stephens was not a Home Depot employee and that she was hired by Belcan, the staffing agency, to help Home Depot customers with "Bayer products."  Still, Plaintiffs alleged that Home Depot should have either trained Mrs. Stephens regarding the safe use of ladders or instructed her not to use its ladders.  On June 13, 2014, Plaintiffs filed a petition for joinder and "First Amended Complaint" seeking to add Bayer Corporation as a party defendant.[2]  On July 17, 2014, Plaintiffs filed another petition for joinder and a "Petition for Leave to file Supplemental Pleadings" seeking leave to file another amended complaint to add Bayer CropScience as a party.  On August 27, 2014, the trial court entered an "Order of Joinder of Party Defendant" permitting Plaintiffs to join Bayer Corporation and Bayer CropScience as party defendants in the lawsuit.

On October 3, 2014, Plaintiffs filed a "Motion for Leave to File Supplemental Pleadings" and a "Second Amended Complaint."  Although the caption listed Home Depot as the only defendant, the complaint itself stated that it was amended to add Bayer CropScience as a party defendant.  On October 17, 2014, the trial court deferred ruling on the motion for leave to amend the pleadings.  Before the matter was resolved, and without leave of court, on November 25, 2014, Plaintiffs filed a "Third Amended Complaint."  The trial court had previously entered a scheduling order setting December 1, 2014, as the deadline for filing motions to amend the pleadings.  On December 18, 2014, the Defendants jointly filed a motion to strike Plaintiffs' third amended complaint on the basis that they had not received leave of court or consent of the Defendants to file either the third or the second amended complaint.  The trial court granted this motion and struck the third amended complaint from the record, but it also granted Plaintiffs' request for leave to file another amended complaint to replace all prior complaints.

---

[1]According to a motion filed by Belcan, the correct entity is "Belcan Services Group DBA Belcan Tech Service DBA Belcan Alliance, Inc. DBA Belcan Corporation."  However, these variations are not material for purposes of this opinion.
[2]Bayer Corporation was eventually dismissed from the case and is not involved with this appeal.

On January 26, 2015, Plaintiffs filed an "Amended Complaint," which stated that it was "meant to fully replace the prior complaints in this matter." Bayer CropScience was one of the named defendants. Like the original complaint, the Amended Complaint alleged that Mrs. Stephens was employed by a temporary staffing agency, Belcan, to help Home Depot customers with products manufactured by Bayer CropScience. The Amended Complaint alleged that Mrs. Stephens was hired at the direction and for the direct benefit of Bayer CropScience when she was hired to sell its products. Plaintiffs claimed that Bayer CropScience simply "used a temporary staffing company to hire [her]." Still, Plaintiffs alleged that Bayer CropScience was responsible for training and overseeing Mrs. Stephens in the sale of the products and had a duty to properly train her. Plaintiffs alleged that Bayer CropScience was negligent in failing to properly train, warn, and supervise Mrs. Stephens. They also alleged that Bayer CropScience breached a contract existing between it and Home Depot by failing to make Mrs. Stephens aware of safety standards, and she sought to recover as a third party beneficiary of that contract.

On February 13, 2015, Bayer CropScience filed its answer to the Amended Complaint, which was the first answer filed by Bayer CropScience in this matter. Bayer CropScience admitted that Mrs. Stephens was employed by Belcan and that her duties included assisting Home Depot customers with Bayer CropScience products. Bayer CropScience alleged that Mrs. Stephens was not employed by Bayer CropScience, and therefore, it had no obligation to provide safety training or instruct her regarding how to complete her job duties. Bayer CropScience denied that its agent was responsible for training or overseeing her in the sale of its products.

Numerous motions for summary judgment and partial summary judgment were filed by the parties. In the context of these summary judgment motions, Bayer CropScience maintained that it was not in charge of providing safety training to Mrs. Stephens because she was employed by Belcan, not Bayer CropScience. Bayer CropScience asserted that Belcan, her employer, should have provided Mrs. Stephens with safety training. In a response to a motion for summary judgment filed by Home Depot, on October 6, 2015, Plaintiffs acknowledged that "Belcan provided workers compensation benefits" for Mrs. Stephens's injuries and "accept[ed] the injury." On October 9, 2015, a new law firm entered a notice of appearance on behalf of Bayer CropScience.

A hearing on the various motions for summary judgment was held on October 29, 2015. Relevant to this appeal, the trial court denied a motion for summary judgment filed by Bayer CropScience and also denied a counter-motion for summary judgment filed by Plaintiffs. The trial court's order resolving the motions for summary judgment was entered December 8, 2015.

3

On December 10, 2015, Bayer CropScience filed a motion to extend the scheduling order and to continue the trial along with a motion to amend its answer. Bayer CropScience sought to add an additional affirmative defense asserting that Plaintiffs' claims against it were barred by the exclusive remedy provision of Tennessee's workers' compensation law. Specifically, Bayer CropScience claimed that Plaintiffs' claims were barred by the "loaned servant" doctrine, pursuant to which Bayer CropScience would be considered a "statutory employer" or "borrowing employer" of Mrs. Stephens and therefore immune from common law liability. Bayer CropScience acknowledged that the existing scheduling order established December 1, 2014, as the deadline for amendments to the pleadings. However, the motion noted that Bayer CropScience's current counsel had just recently appeared in the case as of October 2015. The motion also noted that the scheduling order required the parties to attempt to resolve the case through mediation by August 2015 and no such mediation had occurred. Bayer CropScience cited Tennessee Rule of Civil Procedure 15 and asserted that justice would be served by permitting it to assert the exclusive remedy defense and having the defense addressed through a dispositive motion. Bayer CropScience claimed that its request was offered in good faith. It argued that Plaintiffs would not be prejudiced by the amendment because Bayer CropScience had maintained throughout the proceedings that Belcan was the direct or actual employer of Mrs. Stephens and that Bayer CropScience contracted with Belcan for the services of Mrs. Stephens in order for her to promote Bayer CropScience products. Bayer CropScience asserted that its position on these issues was not changing and that it would be prejudiced if the amendment was not allowed.

Plaintiffs filed a response in opposition to Bayer CropScience's motion to amend its answer. Plaintiffs noted that workers' compensation immunity is an affirmative defense listed in Tennessee Rule of Civil Procedure 8.03 and argued that it was waived when not asserted in the original answer filed by Bayer CropScience. Plaintiffs also argued that the motion to amend should be denied because of Bayer CropScience's delay in asserting the defense and opportunity to raise it in earlier pleadings and motions. They also argued that Bayer CropScience waived its exclusive remedy defense by insisting throughout the proceedings that Mrs. Stephens was not its "employee" and that it was not her "employer." Plaintiffs alleged a purposeful dilatory motive and claimed that they would be prejudiced by the amendment.

The motions to extend the scheduling order and to amend the answer were heard on December 14, 2015. The trial court found that "good and just cause" was set forth in the motions and concluded that justice required allowing Bayer CropScience to amend its answer. Accordingly, the trial court set aside the scheduling order to permit amendment of the answer.[3] The trial date was moved from January 2016 to August 2016.

---

[3]Plaintiffs filed a "motion to alter or amend" the trial court's order amending the scheduling order and a "motion to alter or amend" the trial court's order allowing Bayer CropScience to amend its answer.

4

Bayer CropScience filed an amended answer to the Amended Complaint on January 4, 2016. Just as in the original answer, Bayer CropScience admitted that Mrs. Stephens was employed by Belcan as part of the Weekend Warrior program and that her duties included assisting Home Depot customers with Bayer CropScience products. Bayer CropScience again asserted that Mrs. Stephens "was not employed by Bayer CropScience" and therefore it did not have an obligation to provide safety training for her or inform her regarding how to complete her job duties. However, Bayer CropScience also asserted, as an affirmative defense, that Plaintiffs' claims were barred by the exclusive remedy provision of Tennessee's workers' compensation law under the loaned servant doctrine.

Meanwhile, on December 18, 2015, Plaintiffs had filed a motion for leave to file yet another amended complaint in order to add Belcan as an additional party defendant. On January 6, 2016, an agreed order was entered granting Plaintiffs leave to amend its existing Amended Complaint filed January 26, 2015. On January 8, 2016, Plaintiffs filed a "Second Amended Complaint to Add Belcan Tech Services." This Second Amended Complaint incorporated every claim made in the existing Amended Complaint but also added a claim for breach of contract against Belcan.[4] Bayer CropScience filed another answer to the amendment, again raising the affirmative defense of workers' compensation immunity pursuant to the loaned servant doctrine. This answer alleged that Mrs. Stephens "was not directly employed by Bayer CropScience" and that she was "directly employed by Belcan," but Bayer CropScience asserted that it was nevertheless

Plaintiffs again argued that Bayer CropScience waived its right to claim workers' compensation immunity by failing to raise the issue in its original answer or earlier in the litigation and instead arguing that it was not the employer of Mrs. Stephens. The trial court denied the motions to alter or amend upon concluding that its previous rulings were "proper, in accordance with applicable law and were within the discretion of [the] Court."

[4]Although this pleading was styled as a "Second Amended Complaint to Add Belcan Tech Services," it only included an introductory "summary" section and a "Count 14" with a claim against Belcan. It stated, "This document incorporates herein and includes each and every claim made the original amended [sic] but adds the following as to Belcan Tech services."

It is important to note that "an 'amended' complaint and an 'amendment' to a complaint are two different things." *Shell v. Williams*, No. M2013-00711-COA-R3-CV, 2014 WL 118376, at *2 n.4 (Tenn. Ct. App. Jan. 14, 2014); *H.G. Hill Realty Co. v. Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 35 (Tenn. Ct. App. 2013). An "'amended complaint' [is] complete in itself without adoption or reference to the original," while an "'amendment' to a complaint merely modifies the existing complaint[,] which remains before the court as modified." *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991). An "amended complaint" supersedes the original complaint, rendering it of no legal effect. *Christian v. Lapidus*, 833 S.W.2d 71, 73 n.2 (Tenn. 1992). Here, the "Second Amended Complaint to Add Belcan Tech Services" was clearly an amendment to the existing "Amended Complaint." Despite its title, we will treat it as an amendment for purposes of this opinion. *See, e.g.*, *Shell*, 2014 WL 118376, at *2 n.4 (looking to the substance of an amendment, rather than its form, to determine the filer's intent, and concluding that the pleading was intended as an amendment to the complaint rather than an amended complaint).

her "statutory employer" or "borrowing employer" for purposes of the workers' compensation law.

On January 27, 2016, Bayer CropScience filed a motion to dismiss for failure to state a claim pursuant to Tennessee Rule of Civil Procedure 12.02(6), claiming workers' compensation immunity. Bayer CropScience argued that it was clear from the face of the amended complaint that Bayer CropScience was a borrowing employer of Mrs. Stephens. It noted the complaint's allegation that Mrs. Stephens was hired by Belcan, a temporary staffing company used by Bayer CropScience, to work in the Weekend Warrior program and promote Bayer CropScience products. It also noted that the complaint alleged the existence of a contract between Belcan and Bayer CropScience. Specifically, the complaint alleged that Belcan is a company in the business of staffing, and Bayer CropScience entered into a contract with Belcan whereby Belcan administered the employment of Mrs. Stephens. The complaint alleged that an agent of Bayer CropScience was responsible for training and overseeing Plaintiff. Bayer CropScience also noted the complaint's allegation that Mrs. Stephens "was hired at the direction, and for the direct benefit of Bayer CropScience." According to Bayer CropScience, these facts conclusively established that it was a statutory employer or borrowing employer of Mrs. Stephens for purposes of the workers' compensation law, and therefore, the claims asserted by Mrs. Stephens in this lawsuit were barred.

Plaintiffs filed a response to the motion to dismiss, again arguing, as they previously did in response to the motion to amend the answer, that Bayer CropScience waived its right to rely on workers' compensation immunity by failing to raise the affirmative defense in its original answer or otherwise asserting it earlier in the litigation and instead arguing that it was not the employer of Mrs. Stephens. However, Plaintiffs did not respond to the substantive merits of the issue involving workers' compensation immunity.

On February 26, 2016, the trial court entered an order granting Bayer CropScience's motion to dismiss. Construing the amended complaint liberally, presuming all of its factual allegations to be true, and giving Plaintiffs the benefit of all reasonable inferences, the trial court concluded that the complaint failed to state a claim upon which relief could be granted. Specifically, the trial court found that Bayer CropScience was immune from the claims asserted by Plaintiffs pursuant to the exclusive remedy provision of Tennessee's workers' compensation law. Therefore, the trial court dismissed Bayer CropScience from the case and certified its order of dismissal as final pursuant to Tennessee Rule of Civil Procedure 54.02. Plaintiffs timely filed a notice of appeal.

## II. ISSUES PRESENTED

Plaintiffs present the following issues, as we perceive them, for review on appeal:

1. Whether the trial court's Rule 12.02(6) dismissal for failure to state a claim must be reversed because the trial court referenced "the entire record" in its order of dismissal;

2. Whether workers' compensation immunity from common law claims extends to a breach of contract claim that was based on Bayer CropScience's agreement to provide benefits beyond workers' compensation; and

3. Whether the trial court erred in allowing Bayer CropScience to amend its answer when it had waived its right to assert workers' compensation immunity by failing to raise it in its original answer or at an earlier point in the litigation and instead arguing that it was not the employer of Mrs. Stephens.

For the following reasons, we affirm the decision of the circuit court and remand for further proceedings.

## III. DISCUSSION

### A. Rule 12.02(6) Standard

At the outset, we address Plaintiffs' argument that the trial court failed to apply the correct legal standard for Rule 12.02(6) motions for failure to state a claim by citing "the entire record" in its order of dismissal. Plaintiffs argue that Rule 12.02 required the trial court to confine its review to the pleadings in order to determine whether immunity was established. Plaintiffs contend that "this is clearly not a judgment on the Pleadings, but on the entire record as a whole, and the dismissal must be reversed."

Whether the trial court should have treated a motion to dismiss as a motion for summary judgment is a question of law subject to *de novo* review on appeal. *Belton v. City of Memphis*, No. W2015-01785-COA-R3-CV, 2016 WL 2754407, at *3 (Tenn. Ct. App. May 10, 2016) (*no perm. app. filed*). A motion to dismiss for failure to state a claim, pursuant to Tennessee Rule of Civil Procedure 12.02(6), challenges only the legal sufficiency of the complaint and is determined by an examination of the pleadings alone. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A defendant who files such a motion admits the truth of the relevant and material

allegations in the complaint but asserts that those allegations fail to establish a cause of action. *Id.* "In considering a motion to dismiss, courts 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). "A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint." *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977).

To briefly recap, Bayer CropScience filed a motion to dismiss for failure to state a claim, asserting that the allegations on the face of the complaint demonstrated that it was entitled to workers' compensation immunity under the loaned servant doctrine. Plaintiffs' response did not address the substantive merits of the issue but instead reasserted the waiver argument already rejected by the trial court in the context of other motions. The trial court's order of dismissal states:

<u>ORDER GRANTING BAYER CROPSCIENCE'S MOTION TO DISMISS</u>

THIS MATTER came to be heard on February 11, 2016, upon the Defendant Bayer CropScience's Rule 12 T.R.C.P. Motion to Dismiss, the Plaintiffs' response to said motion which also contained a "counter motion to dismiss" Bayer CropScience's motion to dismiss, arguments of counsel *and the entire record*, from which the Court finds that construing the Second Amended Complaint liberally, presuming all factual allegations to be true and giving the plaintiffs the benefit of all reasonable inferences, it is established that Bayer CropScience's motion to dismiss is well taken, and Bayer CropScience is entitled to a judgment as a matter of law, in that the Second Amended Complaint fails to state a claim upon which relief can be granted. Specifically, Bayer CropScience is immune from the claims of the Plaintiffs herein, pursuant to the exclusive remedy provisions of the Tennessee Workers Compensation law and governing law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Bayer CropScience's Motion to Dismiss is GRANTED. Bayer CropScience LP is hereby dismissed from this action with prejudice and upon the merits. . . .

(Emphasis added.) The trial court's order is somewhat unclear in that it states that the matter was heard on the motion to dismiss, Plaintiffs' response, arguments of counsel, "and the entire record." On the other hand, the order also states that it grants the "Rule 12" motion to dismiss for failure to state a claim upon which relief can be granted, after construing the allegations in the complaint liberally, presuming all factual allegations to be true, and giving Plaintiffs the benefit of all reasonable inferences. We must determine

how to construe this somewhat contradictory order.

This Court faced a similar dilemma in *Vandergriff v. ParkRidge East Hospital*, 482 S.W.3d 545 (Tenn. Ct. App. 2015). In that case, the defendants filed Rule 12 motions to dismiss based on the statute of limitations, but the trial court's order granting the motions stated that "[s]ummary judgment" was entered on the claims. *Id*. at 555 n.8. We recognized that a motion to dismiss can be converted into a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the trial court. *Id.* However, we also noted that the trial court's order did not state what matters outside the pleadings it considered, and our review of the record did not reveal anything relevant to the statute of limitations issue other than the complaint. *Id.* "Moreover," we noted, "consistent with a decision on a Rule 12 motion to dismiss, the order state[d] that the trial court presumed that all the allegations in the complaint were true." *Id.* Considering all these circumstances, we reviewed the trial court's decision as one granting a motion to dismiss despite the isolated reference to summary judgment. *Id.*

We reach the same conclusion here. The motion at issue was one to dismiss for failure to state a claim, and it only asked the trial court to consider the allegations on the face and "within the four corners" of the complaint. The trial court's order states that the matter was heard on the motion to dismiss, the response, and "the entire record," but it also states that the court "constru[ed] the Second Amended Complaint liberally, presume[d] all factual allegations to be true and g[ave] the plaintiffs the benefit of all reasonable inferences." The order does not specifically reference anything outside the complaint that would have influenced the trial court's decision. The court ultimately concluded that "the Second Amended Complaint fails to state a claim upon which relief can be granted." When interpreting a trial court's order, "we ascertain the intent of the court, and, if possible, make the order in harmony with the entire record in the case and to be such as 'ought to have been rendered.'" *Byrnes v. Byrnes*, 390 S.W.3d 269, 277 (Tenn. Ct. App. 2012) (quoting *Lamar Advertising Co. v. By-Pass Partners*, 313 S.W.3d 779, 786 (Tenn. Ct. App. 2009)). The determinative factor is the intention of the court as collected from all parts of the judgment. *Corrozzo v. Corrozzo*, No. M2012-01317-COA-R3-CV, 2013 WL 4107625, at *7 (Tenn. Ct. App. Aug. 13, 2013). Despite the reference in this order to "the entire record," it is apparent that the trial court intended to resolve the motion to dismiss for failure to state a claim under Rule 12.02(6).

On appeal, Plaintiffs contend that their response to the motion to dismiss required the trial court to look outside the pleadings, so a Rule 12 dismissal was inappropriate. Specifically, their response to the motion to dismiss asserted that Bayer CropScience waived workers' compensation immunity based on the position it took or failed to take in its pleadings and dispositive motions filed earlier in the litigation. It is not clear to this Court that the trial court re-considered the waiver argument in the context of the motion

to dismiss. The trial court had already heard and rejected this exact waiver argument when it was raised in response to Bayer CropScience's motion to amend the answer. The trial court heard and rejected the waiver argument again when Plaintiffs filed a motion to alter or amend that decision. The order of dismissal does not mention waiver. Nevertheless, even if the trial court did consider the position taken by Bayer CropScience in its prior pleadings and dispositive motions in the context of the motion to dismiss, such consideration would not require the motion to be converted into one for summary judgment.

There are exceptions to the general rule that a court must convert a Rule 12.02(6) motion to a motion for summary judgment if the court considers matters outside the pleadings. *Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at \*4 (Tenn. Ct. App. June 9, 2016), *perm. app. denied* (Tenn. Oct. 21, 2016). Courts resolving a motion to dismiss may consider "'items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case . . . without converting the motion into one for summary judgment.'" *Id.* (quoting *Ind. State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at \*8 (Tenn. Ct. App. Feb. 19, 2009)); *see also Cochran v. City of Memphis,* No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at \*2 (Tenn. Ct. App. Mar. 19, 2013) (concluding that consideration of the existing complaint, a prior complaint, and various orders did not require conversion to a motion for summary judgment). Assuming arguendo that the trial judge did consider the position taken by Bayer CropScience in its original answer and earlier motions regarding its status as an employer, this does not mean that the trial court erred in applying the Rule 12 standard.[5] Plaintiffs' argument to the contrary is without merit.

## B. *Workers' Compensation Immunity*

Next, we address Plaintiffs' issue regarding the applicability of workers' compensation immunity.

Tennessee's workers' compensation law "provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury." *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003) (citing *Liberty Mut. Ins. Co. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963)). The so-called "exclusivity" provision provides, in pertinent part:

---

[5]We note that Plaintiffs' response to the motion to dismiss did not ask the trial court to consider any evidentiary materials that were filed earlier in the case in the context of the summary judgment motions or otherwise. Instead, they asked the court to consider the position taken and arguments made by Bayer CropScience in the prior pleadings regarding whether it was an employer.

The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.

Tenn. Code Ann. § 50-6-108(a). Accordingly, "an employee injured in an accident while in the course and scope of employment is generally limited to recovering workers' compensation benefits from the employer." *Murray v. Goodyear Tire & Rubber Co.*, 46 S.W.3d 171, 175 (Tenn. 2001). In exchange for potential liability for workers' compensation benefits, an employer is immune from liability in tort to the injured employee. *Blackwell v. Comanche Constr., Inc*., No. W2012-01309-COA-R9-CV, 2013 WL 1557599, at *5 (Tenn. Ct. App. Apr. 15, 2013).

For purposes of the workers' compensation law, "[s]ometimes an employee may be employed by two or more employers." Joseph H. King, Jr., *The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer*, 55 Tenn. L. Rev. 405, 433 (1988). A worker "should not be deprived of benefits for injuries sustained while performing work on the premises of a large industry merely because he is on the payroll of a smaller concern which has loaned his services to the large industry." *Carpenter v. Hooker Chem. & Plastics Corp*., 553 S.W.2d 356, 360 (Tenn. Ct. App. 1977). However, being subject to liability under the workers' compensation law, the entity being treated as an employer is entitled to have its liability limited in accordance with the workers' compensation law as well. *Id.*

"Under the loaned servant doctrine, if an employer 'loans' an employee to a 'special employer,' the special employer may become liable for workers' compensation benefits in the event the loaned employee is injured on the job." *Blackwell*, 2013 WL 1557599, at *8. In addition, "the borrowing employer may be entitled to the protection of the exclusive remedy rule." King, *supra*. The "borrowed servant" or "loaned employee" doctrine implicates the following three-pronged test:

When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if

(a) The employee has made a contract of hire, express or implied, with the special employer;
(b) The work being done is essentially that of the special employer; and
(c) The special employer has the right to control the details of the work.

11

When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.

*Bennett v. Mid-S. Terminals Corp.*, 660 S.W.2d 799, 801 (Tenn. Ct. App. 1983) (quoting *Winchester v. Seay*, 409 S.W.2d 378, 381 (Tenn. 1966)).

"Under established Tennessee precedent, an employee of a temporary manpower service is considered also to be an employee of the company to which the employee is assigned, for workers' compensation purposes." *Abbott v. Klote Int'l Corp.*, No. 03A01-9810-CV-00328, 1999 WL 172646, at *3 (Tenn. Ct. App. Mar. 24, 1999), *perm. app. denied* (Tenn. Sept. 13, 1999). When a temporary worker accepts employment and enters into an employment agreement with a temporary agency, he or she "necessarily consents to work for the clients of the agency" and enters into "an implied contract with a special employer." *Tedder v. Union Planters Corp.*, No. W1999-01971-COA-R3-CV, 2001 WL 589139, at *2 (Tenn. Ct. App. May 29, 2001) (concluding that an employee of a temporary employment agency was a co-employee of the bank where she was assigned to work, pursuant to the loaned servant doctrine, and therefore, her exclusive remedy against the bank was under the workers' compensation statutes); *see also Bennett*, 660 S.W.2d at 801-02 (finding the loaned servant doctrine applicable to an employee of a supplier of temporary manpower).

Plaintiffs apparently do not dispute that Mrs. Stephens was a loaned servant under the circumstances of this case. They do not cite or discuss the three-pronged test noted above. Instead, Plaintiffs argue that "workers compensation immunity does not extend to a breach of contract claim, when Bayer agreed to provide more than the statute allowed." Without citing to any particular contract provisions, Plaintiffs assert that Bayer CropScience "agreed to extend their liability beyond workers compensation benefits via contract" and voluntarily "promise[d] in writing, to undertake all sorts of additional legal obligations for safety and damages." Plaintiffs argue that it is unconstitutional to extend workers' compensation immunity to contract claims.

From our review of the record, however, this argument was not raised before the trial court. Plaintiffs' response to Bayer CropScience's motion to dismiss only argued that workers' compensation immunity was waived. "'It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court.'" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 830 (Tenn. 2015) (quoting *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010)). "Issues raised for the first time on appeal are waived." *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 670 (Tenn. 2013). "This principle applies equally to constitutional challenges." *Ellithorpe*, 479 S.W.3d at 830. Because Plaintiffs failed to raise these issues in the trial

court, we decline to address them on appeal.[6]

## C.   Waiver

Finally, we address Plaintiffs' argument that Bayer CropScience waived its right to rely on workers' compensation immunity. Plaintiffs argue that waiver occurred when Bayer CropScience failed to raise workers' compensation immunity in its original answer, did not raise the issue in a timely manner, and argued instead that it was not the employer of Mrs. Stephens.

Tennessee Rule of Civil Procedure 8.03 lists affirmative defenses that must be raised in a pleading to a preceding pleading. Tenn. R. Civ. P. 8.03, Adv. Comm'n cmt. One of those affirmative defenses is "workers' compensation immunity." Tenn. R. Civ. P. 8.03. "As a general rule, a party waives an affirmative defense if it does not include the defense in an answer or responsive pleading." *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 735 (Tenn. 2013) (citations omitted). "This rule, however, is not rigid and inflexible because trial judges have wide latitude to allow a defendant to amend its answer before trial." *Id.* at 735-36 (citing *Biscan v. Brown*, 160 S.W.3d 462, 471 (Tenn. 2005)).

Tennessee Rule of Civil Procedure 12.08 provides that a party waives all defenses and objections (with certain exceptions not relevant here) that are not presented either by motion or in the party's "answer or reply, *or any amendments thereto.*" (Emphasis added.) Rule 12.08 lists certain defenses that "shall not be raised by amendment," but workers' compensation immunity is not one of those defenses. Accordingly, we reject Plaintiffs' assertion that Bayer CropScience waived the defense of workers' compensation immunity simply by failing to assert it in its original answer. "While the Tennessee Rules of Civil Procedure require claims and defenses to be raised in a timely manner, they do not necessarily require plaintiffs to include all their claims in their original complaint nor defendants to include all their defenses in their original answer." *Hardcastle v. Harris*, 170 S.W.3d 67, 83 (Tenn. Ct. App. 2004).

Rule 15.01 governs amendments. It provides, in relevant part:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set

---

[6]We note that Plaintiffs raised a similar argument in response to a *separate* motion to dismiss filed by *Belcan.* Plaintiffs argued that "Belcan has agreed to extend their liability via contract." However, Plaintiffs point to nothing in the record indicating that this argument was made in response to the motion to dismiss filed by Bayer CropScience.

13

for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; *and leave shall be freely given when justice so requires*.

Tenn. R. Civ. P. 15.01 (emphasis added). This rule "applies equally to plaintiffs and defendants who seek to amend their pleadings." *Pratcher*, 407 S.W.3d at 741. The Tennessee Supreme Court has "emphasized the liberality of this rule where pre-trial amendments are sought." *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987). According to the Court, the rule "'needs no construction, it means precisely what it says, that leave shall be freely given.'" *Id.* (quoting *Branch v. Warren*, 527 S.W.2d 89, 92 (Tenn. 1975)).

Tennessee courts adhere to "the time-honored principle that 'the determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court.'" *Pratcher*, 407 S.W.3d at 741 (quoting *George v. Bldg. Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001)). "Trial courts have broad authority to decide motions to amend pleadings and will not be reversed absent an abuse of discretion." *Id.* (citing *Hawkins v. Hart*, 86 S.W.3d 522, 532 (Tenn. Ct. App. 2001)). This standard of review does not allow us to substitute our judgment for that of the trial court. *Id.* at 742. However, the liberal language of Rule 15.01 has "substantially lessened the exercise of pre-trial discretion on the part of the trial judge." *Gardiner*, 731 S.W.2d at 891.

Numerous factors should guide a trial court's discretionary decision regarding whether to allow a late-filed amendment, including "undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments and futility of the amendments." *Pratcher*, 407 S.W.3d at 741 (citing *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)). Here, Plaintiffs assert that Bayer CropScience waived its right to assert workers' compensation immunity due to its delay in raising the affirmative defense and its previous assertions that it was the employer of Mrs. Stephens. Despite these arguments, we cannot say that the trial court abused its discretion in concluding that justice required allowing Bayer CropScience to amend its answer.

Plaintiffs claim that Bayer CropScience delayed "for years" without raising workers' compensation immunity and "fail[ed] to raise workers compensation immunity in a response to four complaints," but the record does not support these assertions. Plaintiffs' original complaint was filed in February 2014, but Bayer CropScience was not involved in the case at that time. The only named defendant at that point was Home Depot. Plaintiffs' first amended complaint added Bayer Corporation but not Bayer CropScience. The trial court entered an "order of joinder" to permit the addition of Bayer

14

CropScience in August 2014,[7] but Plaintiffs did not file a second amended complaint to add claims against Bayer CropScience until October 2014, and even then, the trial court deferred ruling on whether to grant the motion to supplement the pleadings. Obviously, "'a prospective party cannot fairly be required to answer an amended pleading not yet permitted, framed, and served.'" *City of Oak Ridge v. Levitt*, 493 S.W.3d 492, 501 (Tenn. Ct. App. 2015) (quoting *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467-68 (2000)). "'[T]he clock on an added party's time to respond does not start running until the new pleading naming that party is served.'" *Id.* (quoting *Nelson*, 529 U.S. at 501). Plaintiffs filed a third amended complaint the following month, without leave of court, but it was stricken. Finally, Plaintiffs properly filed their "Amended Complaint" superseding all other complaints on January 26, 2015. Bayer CropScience promptly filed its original answer on February 13, 2015. Its new attorney filed a notice of appearance in October 2015, and the motion to amend the answer was filed in December 2015.

In *Gardiner*, the Tennessee Supreme Court reversed a trial court's decision to deny a motion to amend the defendants' answers and specifically disagreed with the trial court's finding of undue delay and prejudice. *Gardiner*, 731 S.W.2d at 892. The supreme court noted that the motions to amend were filed within one year after the complaint was filed and only two months after the trial court permitted the defendants' attorney to withdraw from the case. *Id.* The court noted that the defendants' new attorneys filed the motions to amend within sixty days, which was "not an unreasonable time for new counsel to familiarize themselves with the facts and status of a case already in progress." *Id.* The court also noted the delays already caused by the plaintiff in the case. *Id.* The court concluded that, under the circumstances, the possibility of one further delay and the inconvenience of being called to answer the amendment were not sufficient reasons for denying the motion to amend. *Id.*

Here, the motion to amend the answer was likewise filed within one year of Plaintiffs' Amended Complaint asserting claims against Bayer CropScience and just two months after Bayer CropScience retained new counsel. We do not deem this to be an unreasonable or undue delay under the circumstances of this case. Although the amendment did take place after the deadline for amendments to pleadings set out in the scheduling order, and shortly before trial was set to begin, the parties still had not completed mediation as required by the scheduling order. In addition, Plaintiffs had amended their complaint numerous times throughout the litigation, including once after the deadline for amendments to the pleadings. We have a hard time sympathizing with Plaintiffs when they had already filed or attempted to file five different complaints

---

[7]Additionally, it is not clear when Bayer CropScience received notice of this order of joinder because it states that "[s]ervice on Bayer Corporation who lists Bayer CropScience as one of their companies on the Bayer website of Bayer.com; is sufficient service on [sic] for the purpose of the Petition for Joinder of Bayer Corporation and Bayer CropScience."

(original and amended) and this was the first amendment for Bayer CropScience. Plaintiffs filed yet another amendment to the amended complaint after the amended answer was filed by Bayer CropScience.

We also disagree with Plaintiffs' assertion that the prior positions taken by Bayer CropScience required denial of its motion to amend. Bayer CropScience had consistently denied that it was the "employer" of Mrs. Stephens in the sense that it would have had a duty to provide her with safety training rather than her direct employer, Belcan. However, Bayer CropScience had not made any assertions regarding its entitlement to workers' compensation immunity or its status as a "borrowing employer" for purposes of the workers' compensation law. In fact, Bayer CropScience admitted all along that Mrs. Stephens was hired by Belcan, a temporary staffing company, to assist Home Depot customers with Bayer CropScience products. "A trial court does not abuse its discretion by granting leave to amend a complaint when the amendment is 'necessary to bring before the Court an issue which, if found in favor of the pleader, would be conclusive of the case.'" *City of Oak Ridge*, 493 S.W.3d at 499 (quoting *Liberty Mut. Ins. Co. v. Taylor*, 590 S.W.2d 920, 921 (Tenn. 1979)).

Plaintiffs strenuously argue that the result in this case is controlled by *Hammett v. Vogue, Inc.*, 165 S.W.2d 577 (Tenn. 1942). We disagree. *Hammett* was a suit for personal injuries filed by an employee against her employer and her manager. *Id.* at 578. After the plaintiff's declaration was filed, the plaintiff moved the court to require the defendants to plead their defenses specially. *Id.* The motion was granted and the defendants filed their special pleas. *Id.* They did not specially plead workers' compensation immunity. *Id.* The plaintiff recovered a judgment against the defendants, and a motion for new trial was made and overruled. *Id.* Subsequently, after the statute of limitations ran against plaintiff's right to claim benefits, the defendants filed a motion in arrest of judgment on the ground that the plaintiff's declaration did not state a cause of action as it showed that plaintiff and defendants were subject to the workers' compensation law and its exclusive remedy. *Id.* at 581. The trial judge sustained the motion as to the defendant-employer, and the plaintiff appealed, arguing that the trial court erred in concluding that the defense of workers' compensation immunity did not have to be specially pleaded as a matter of affirmative defense and could be raised for the first time by motion in arrest of judgment. *Id.* at 578. The Tennessee Supreme Court concluded that the workers' compensation law must be specially pleaded as an affirmative defense. *Id.* at 579. The court found no reference to the workers' compensation act in the pleadings, either in the plaintiff's complaint or in the defendants' special pleas. *Id.* The court also specifically recognized that, pursuant to controlling statutes, the defendant could be ordered to specially plead his defenses, and no matter of defense not pleaded could be shown in evidence. *Id.* Additionally, a judgment could not be arrested on account of any matter that the defendant might have pleaded and relied on

16

as a defense to the action, with the exception of jurisdiction. *Id.* at 579-80. The passage that Plaintiffs now rely on included the following language:

> Where a common-law right of action is brought, the defendant, if he claims the benefits of the Compensation Act, should plead it as notice to his adversary as well as the court who is asked to decide the question. He should not be permitted to interpose his common-law defenses, in the hope of defeating the employee entirely, and, having failed, try to avail himself of benefits under the act.

*Id.* at 580. Recognizing that the defendant-employer raised the issue of immunity only after judgment and the denial of a motion for new trial, and after the statute of limitations ran, the Court held this was "too devious and uncertain a path to travel" and reversed the trial court's ruling in favor of the defendant. *Id.* at 581.

The differences between *Hammett* and this case are obvious. *Hammett* involved a post-trial motion in arrest of judgment after the defendant was ordered to specially plead its defenses; this case involves a pre-trial motion to amend. "Whether a claim has been asserted in a timely manner must be determined with reference to the applicable procedural rules." *Hardcastle*, 170 S.W.3d at 83. After the *Hammett* decision in 1942, the Tennessee Rules of Civil Procedure were enacted in 1970. *See Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 572 n.7 (Tenn. 2006). "Prior to the adoption of the Tennessee Rules of Civil Procedure, [] amendments were hard to come by." *Pratcher*, 407 S.W.3d at 743 (J. Koch, dissenting). Rule 15.01 "substantially lessened" the trial court's discretion to deny a pre-trial motion to amend. *Gardiner*, 731 S.W.2d at 891. Today, "[t]he Tennessee Rules of Civil Procedure are sufficiently flexible to permit the parties to modify their claims and defenses as the exigencies of the case require." *Hardcastle*, 170 S.W.3d at 83. Because such modifications generally take the form of amendments to the parties' pleadings, the timeliness of asserting a new claim or defense should be judged using the standards set forth in Rule 15.01, and courts should conclude that a new claim or defense is untimely only if the party asserting it would not be entitled to amend its pleading under Rule 15.01. *Id.* In light of the liberal policy set forth in Rule 15.01, we cannot say that the trial court abused its discretion in allowing Bayer CropScience to amend its answer prior to trial.[8]

---

[8]We do not reach the issue raised by Plaintiffs on appeal regarding whether Bayer CropScience would have been entitled to "resurrect" workers' compensation immunity if it had been properly raised for the first time only in the January 13, 2016 answer to the January 8, 2016 "Second Amended Complaint to Add Belcan," which we have deemed an amendment to the "Amended Complaint." We have concluded that the trial court did not abuse its discretion in its earlier ruling allowing Bayer CropScience to amend its answer to the Amended Complaint, so the defense was properly raised in the January 4, 2016 "Amended Answer to Amended Complaint" prior to any additional amended pleadings. The January 13, 2016 answer only reasserted workers' compensation immunity after it was properly and timely raised in

#### IV. CONCLUSION

For the foregoing reasons, the decision of the circuit court is hereby affirmed. Costs of the appeal are taxed to the appellants, Joan and Doug Stephens, and their surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

the previous amended answer.