FILED

02/05/2025

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 22, 2024 Session

**STEPHANIE ALLEN, INDIVIDUALLY AND SURVIVING SPOUSE AND NEXT-OF-KIN OF DONALD A. ALLEN, DECEASED ET AL. v. BENJAMIN DEHNER, M.D. ET AL.**

**Appeal from the Circuit Court for Davidson County**
No. 21C2011        Thomas W. Brothers, Judge
_____

**No. M2023-01750-COA-R3-CV**
_____

A husband and wife commenced this health care liability action by filing a complaint against a medical doctor and his practice. Along with their complaint, the couple filed a "Certificate of Good Faith" as required by Tennessee Code Annotated § 29-26-122(a), which requires certification that an expert has reviewed the available medical records "for the incident or incidents at issue" and that the expert believed there was "a good faith basis to maintain the action consistent with the requirements of § 29-26-115." The original complaint alleged that the defendants caused severe permanent and physical injuries when they failed to properly diagnose and treat the husband's cancer. After the husband died, the wife filed an amended complaint that alleged that the defendants' negligence also caused the husband's death. But the wife did not file a new certificate of good faith. For this reason, the defendants sought dismissal under Tennessee Code Annotated § 29-26-122(c). The trial court granted the motion, and this appeal followed. The issue is whether § 29-26-122(a) requires plaintiffs to file a new certificate of good faith with an amended complaint that alleges a new injury based on already-alleged negligent acts by existing defendants. In *Sirbaugh v. Vanderbilt University*, 469 S.W.3d 46 (Tenn. Ct. App. 2014) we held that a new certificate is required when adding new defendants to existing claims. And in *Estate of Vickers v. Diversicare Leasing Corp.*, No. M2021-00894-COA-R3-CV, 2022 WL 2111850 (Tenn. Ct. App. June 13, 2022), we held that a new certificate is required when adding new allegations of negligence against existing defendants. Accordingly, we conclude that a new certificate is required when adding an injury based on existing claims against existing defendants. For this and other reasons, we affirm the trial court's judgment in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, J., joined. JEFFREY USMAN, J., filed a separate opinion concurring in part and dissenting in part.

Donald Capparella and Tyler Chance Yarbro, Nashville, Tennessee, and Bruce M. Smith, Memphis, Tennessee, for the appellant, Stephanie Allen, individually and as surviving spouse and next-of-kin of Donald A. Allen, deceased.

Taylor B. Mayes, James A. Beakes III, Andrew D. Tharp, and Y. Larry Cheng, Nashville, Tennessee, for the appellees, Benjamin Dehner, M.D. and Associated Urologists of Nashville, L.L.P.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In November 2021, Donald Allen ("Decedent") and Stephanie Allen ("Plaintiff") filed a complaint ("the Original Complaint") for medical negligence against Benjamin Dehner, M.D., and Associated Urologists of Nashville, PLLC (collectively, "Defendants").

The Original Complaint was "for personal injury and medical malpractice," and it alleged that Decedent "suffered severe permanent physical and emotional injuries" due to Defendants failure to diagnose and adequately treat Decedent's prostate and bone cancer.

As required by Tennessee Code Annotated § 29-26-122(a), the Original Complaint was accompanied by a "certificate of good faith," which warranted that Decedent and Plaintiff's counsel "consulted with one (1) or more experts who ha[d] provided a signed written statement confirming that," *inter alia*, there was "a good faith basis to maintain the action consistent with the requirements of Tenn. Code Ann. § 29-26-115."[1]

---

[1] Tennessee Code Annotated § 29-26-115 requires plaintiffs to establish duty, breach, and causation through the testimony of an expert witness:

(a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

Decedent died in September 2022. Shortly after that, Plaintiff filed a "First Amended Complaint" with the court's permission. The First Amended Complaint differed from the Original Complaint in two material respects. First, the First Amended Complaint stated it was an action "for personal injury, medical malpractice, **and wrongful death**." (Emphasis added). Second, the First Amended Complaint alleged that Defendants' negligence "proximately caused Mr. Allen to suffer severe physical and emotional injuries **and death**." (Emphasis added).

The First Amended Complaint, however, was not accompanied by a new certificate of good faith. Thus, in August 2023, Defendants moved to dismiss the action under Tennessee Code Annotated § 29-26-122(c).[2] Defendants asserted that a new certificate was necessary because the First Amended Complaint added a claim for wrongful death.

After a hearing in October 2023, the trial court granted Defendants' motion and dismissed the action, reasoning as follows:

> [T]he Court finds that the plaintiff, Stephanie Allen, individually and as surviving spouse and next-of-kin of Donald A. Allen, deceased, and on behalf of Donald A. Allen, and all wrongful death beneficiaries, failed to file a Certificate of Good Faith in support of her Amended Complaint in this cause as required by Tenn. Code Ann Section 29-26-122 and therefore, this case should be dismissed with prejudice. The Court finds that Mrs. Allen's Amended Complaint asserts new allegations and new claims for wrongful death and all damages recoverable in a wrongful death action and that such allegations and claims must be supported by a Certificate of Good Faith indicating the allegations and claims have been reviewed by a competent expert witness who opines that the allegations and claims have merit. The Court further finds that Mrs. Allen's Amended Complaint supersedes and replaces her original Complaint and therefore, must have been accompanied by a Certificate of Good Faith as required by statute.

This appeal followed.

---

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

[2] Tennessee Code Annotated § 29-26-122(c) states that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice."

ISSUES

Plaintiff raises two issues on appeal:

1. Did the trial court err in ruling that Tenn. Code Ann. § 29-26-122 required Plaintiff's First Amended Complaint to be accompanied by a new certificate of good faith when the First Amended Complaint did not allege a wholly new or different claim than the claim for negligence that was already alleged in the Original Complaint?

2. Did the trial court err in ruling that Plaintiff's First Amended Complaint superseded and replaced the Original Complaint when the First Amended Complaint specifically stated that it realleged and incorporated by reference all the allegations of the Original Complaint?

## STANDARD OF REVIEW

The Tennessee Health Care Liability Act ("THCLA"), Tennessee Code Annotated §§ 29-26-101 to -122, "imposes certain procedural requirements on a party advancing a health care liability claim in Tennessee." *Lacy v. Mitchell*, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016) (footnote omitted). "A motion to dismiss under Rule 12.02(6) is the appropriate way to challenge compliance with the Act's procedural requirements." *Cooper v. Mandy*, 639 S.W.3d 29, 33 (Tenn. 2022). We review the trial court's decision on a motion to dismiss de novo with no presumption of correctness. *See id.*

## ANALYSIS

### I. CERTIFICATE OF GOOD FAITH

Plaintiff contends that the language of Tennessee Code Annotated § 29-26-122 "does not indicate that a new certificate of good faith is mandated with Plaintiff's First Amended Complaint in this case" because the statute "requires that the certificate of good faith state that there is a good faith basis to 'maintain the action.'" Based on our decisions in *Sirbaugh v. Vanderbilt University* and *Estate of Vickers v. Diversicare Leasing Corp.*, we respectfully disagree.

Tennessee Code Annotated § 29-26-122 provides:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint . . . . The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A)    Are competent under § 29-26-115 to express an opinion or opinions in the case; and

    (B)    Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action **consistent with the requirements of § 29-26-115**; or

.   .   .

[(2)] (B)    Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant **consistent with the requirements of § 29-26-115**.

Tenn. Code Ann. § 29-26-122(a) (emphasis added). Thus, a certificate of good faith must be filed with "the complaint" and be based on "the requirements of § 29-26-115."

Tennessee Code Annotated § 29-26-115(a) provides the essential elements that a plaintiff must prove to maintain a health care liability claim:

(a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b)[3]:

---

[3] Subsection (b) states:

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that **the defendant** practices in the community in which **the defendant** practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant **acted** with less than or **failed to act** with ordinary and reasonable care in accordance with such standard; and

(3) **As a proximate result of the defendant's negligent act or omission,** t**he plaintiff suffered injuries which would not otherwise have occurred**.

Tenn. Code Ann. § 29-26-115(a) (emphasis added).

In *Sirbaugh*, we held that a certificate of good faith was required when an amendment added new defendants to existing claims. 469 S.W.3d at 53. We reasoned that the plaintiff "could not rely on the certificate of good faith filed with the initial complaint because that certificate was predicated on an expert's belief that there was a good faith basis to maintain the cause of action against the Original Defendants and not the New Defendants." *Id.* (citing *Groves v. Colburn*, No. M2012-01834-COA-R3CV, 2013 WL 3964758, at *3 (Tenn. Ct. App. July 30, 2013)).

And in *Estate of Vickers*, we held that a certificate of good faith was required when an amendment added new claims against existing defendants. 2022 WL 2111850 at *9. We reasoned that, when the plaintiff filed her original complaint, her attorney certified "that at least one expert reviewed the specific allegations in each claim and believed those allegations were sufficient to meet the requirements" in § 29-26-115(a). *Id.* (citing *Est. of Blankenship v. Bradley Healthcare & Rehab. Ctr.*, 653 S.W.3d 709, 716 (Tenn. Ct. App. 2022)). Accordingly, when the plaintiff learned new information that revealed additional grounds for liability, she "was required to consult with an expert to determine whether

---

testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Tenn. Code Ann. § 29-26-115(b).

there was a good faith basis to assert claims based on those new allegations and to file a certificate stating as such with her amended complaint." *Id.* at \*9.

Here, the First Amended Complaint added a new injury against existing defendants based on already-alleged acts of negligence. When Plaintiff filed the Original Complaint, her attorney certified that at least one expert had reviewed the specific allegations in each claim and that the expert believed those allegations were sufficient to meet the evidentiary requirements in § 29-26-115(a). As stated, that statutory section requires evidence that, "[a]s a proximate result of the defendant's negligent act or omission, the plaintiff suffered **injuries** which would not otherwise have occurred." Tenn. Code Ann. § 29-26-115(a). Accordingly, when Plaintiff learned new information that revealed an additional injury, she was required "to consult with an expert to determine whether there was a good faith basis to assert claims based on those allegations and to file a certificate stating as such with her amended complaint." *Est. of Vickers*, 2022 WL 2111850 at \*9.

Still, Plaintiff relies on language in § 29-26-122(a), which says the certificate must warrant that there is a "good faith basis to maintain the **action**." Tenn. Code Ann. § 29-26-122(a). According to Plaintiff, this language "seeks to confirm the good faith basis for the 'action,' not the specific claims for damages that are alleged in the 'action.'" And Plaintiff asserts that "[t]he original Complaint and the First Amended Complaint in this case are effectively the same 'action' for negligence" because "[t]he First Amended Complaint articulates the <u>exact same factual basis</u> for the same claim of negligent medical care." (Emphasis in original). Thus, Plaintiff reasons, her "expert was not required to evaluate any additional acts of negligence, and, therefore, no new certificate of good faith was required."

We rejected a substantially similar argument in *Estate of Vickers*. There, the plaintiff argued that "a certificate of good faith is not required with amended complaints that add claims against existing defendants because § 29-26-122(a) only requires '**a** good faith basis to maintain **the action**,' not a good faith basis to maintain **every claim.**" *Id*. at \*7 (emphasis in original). We disagreed, reasoning that § 29-26-122(a) requires "a good faith basis to maintain the action **consistent with the requirements of § 29-26-115**"; thus, we concluded that the language of § 29-26-122(a) implies that "the plaintiff has consulted with at least one qualified expert who reviewed the claims and believes the defendant deviated from the applicable standard of care and that the deviation proximately caused the plaintiff's injury." *Id*. at \*8 (quoting *Est. of Blankenship*, 653 S.W.3d at 716). Accordingly, when the material allegations of the complaint changed, the plaintiff was required to file a new certificate. *Id*. at \*9.

In summary, our decisions in *Vickers* and *Sirbaugh* establish that a new certificate of good faith is required whenever new allegations implicate the evidentiary requirements in § 29-26-115. Section 29-26-115(a)(1) requires the claimant to present expert testimony to establish "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that **the defendant** practices." Tenn. Code Ann. § 29-26-

115(a)(1) (emphasis added). Thus, as we held in *Sirbaugh*, adding a defendant to existing claims requires a new certificate stating that there is a good faith basis for the claims against the new defendant. And § 29-26-115(a)(2) requires the claimant to present expert testimony to establish "[t]hat the defendant **acted with less than or failed to act** with ordinary and reasonable care in accordance with [the applicable] standard." *Id*. § 29-26-115(a)(2) (emphasis added). Thus, as we held in *Vickers*, adding new allegations of negligence against existing defendants requires a new certificate of good faith.

Here, Plaintiff asserted that already-alleged acts by the existing defendants caused a new injury. This implicates the language in § 29-26-115(a)(3), which requires a claimant to establish that "[a]s a proximate result of the defendant's negligent act or omission, the plaintiff suffered **injuries** which would not otherwise have occurred." *Id*. § 29-26-115(a)(3).

We recognize this may seem like a harsh result, but compliance with § 29-26-122(a) is required and compliance in this case would not have been onerous. As Plaintiff repeatedly emphasizes in her appellate brief, the named defendants and alleged acts were the same in the Original Complaint and the First Amended Complaint. Thus, obtaining a new certificate of good faith would have simply required a qualified expert to confirm that Plaintiff had a good faith basis for alleging that the same acts by the same defendants proximately caused a different injury, Decedent's death.[4]

For these reasons, we affirm the trial court's holding that Plaintiff was required to file a new certificate of good faith with the First Amended Complaint.

## II. "THE" COMPLAINT

For her second issue, Plaintiff contends that "[t]he trial court erred in ruling that Plaintiff's First Amended Complaint superseded and replaced the original Complaint" because the Amended Complaint "specifically realleged and incorporated by reference 'all the allegations in the Complaint as if fully set forth herein *verbatim*.'"

Plaintiff's argument concerning this issue is summarized in the first paragraph of her analysis of this issue in her brief, which reads:

---

[4] Plaintiff suggests that "[d]eath is a foreseeable result when cancer is not timely diagnosed as a result of negligence of a health care provider, and is the kind of inference that the Trial Court is required to make at the motion to dismiss stage." But the question here is not whether Plaintiff stated a claim for wrongful death due to medical negligence, which we consider under standards applicable to Tennessee Rule of Civil Procedure 12.02(6) motions. Regardless, § 29-26-122(a) explicitly requires such inferences to be drawn by a qualified expert **before** filing a complaint.

In its Order of Dismissal dismissing Plaintiff's case with prejudice, the trial court specifically found that "Mrs. Allen's Amended Complaint supersedes and replaces her original Complaint and, therefore, must have been accompanied by a Certificate of Good Faith as required by statute." In making this ruling, the trial court disregarded the fact that the First Amended Complaint specifically realleged and incorporated by reference "all the allegations in the Complaint as if fully set forth herein verbatim." As such, the original Certificate of Good Faith filed with the original Complaint remains viable to support the action asserted in the First Amended Complaint.

(internal citations to the record omitted).

At the hearing on Defendant's motion in the trial court, the trial court asked Defendants whether they were "seeking dismissal of all of the claims or just the wrongful death portion of the [the First Amended Complaint]." Defendants' counsel asserted that dismissal of the entire complaint was necessary; Plaintiff's counsel asserted that the court was "not required to dismiss the whole caboodle." The trial court agreed with Defendants' argument and dismissed the entire action.

"It has long been the rule in Tennessee that an 'original complaint is superseded, **and its effect as a pleading destroyed**, by filing an amended complaint complete in itself, [ ] which does not refer to or adopt the original as a part of it.'" *Ingram v. Gallagher*, 671 S.W.3d 428, 436 (Tenn. 2023) (quoting *Louisville & N.R. Co. v. House*, 56 S.W. 836, 836 (Tenn. 1900)). On the other hand, an "'amendment' to a complaint merely modifies the existing complaint[,] which remains before the court as modified." *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 70 n.4 (Tenn. Ct. App. 2016) (quoting *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991)). When the plaintiff's intent is unclear, we look to the substance of the pleading rather than its form. *See Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992); *accord Stephens*, 529 S.W.3d at 70 n.2.

Plaintiff argues that the First Amended Complaint expressly referred to and adopted the Original Complaint because the First Amended Complaint contained language stating: "Plaintiff alleges and incorporates all of the allegations in the Complaint as if fully set forth herein *verbatim*." However, Plaintiff omits the fact that this same language also appears in the Original Complaint. Thus, as Defendants contend, the language relied on by Plaintiff was a "routinely-used" allegation "meant simply to reassert and incorporate prior allegations in the *same complaint* into later sections of the complaint."

Further, Plaintiff designated the pleading as a "First Amended Complaint" rather than an "Amendment" to the Original Complaint and the First Amended Complaint has all necessary parts to be "complete in itself." *See Ingram*, 671 S.W.3d at 436.

Therefore, when Plaintiff filed the First Amended Complaint, the First Amended Complaint became "the complaint" as contemplated in § 29-26-122(a). And as noted in our discussion of the first issue, Tennessee Code Annotated § 29-26-122(a) states that "the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Further, as Tennessee Code Annotated § 29-26-122(c) states: "The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." As established, Plaintiff did not file a certificate with First Amended Complaint; thus, "the action [was] subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c).[5]

Before we close, we find the thorough analysis set forth in the concurring and dissenting opinion persuasive. In fact, it reaches a result we prefer that is not inconsistent with the primary purpose of the THCLA, which is "to reduce the number of frivolous lawsuits filed in Tennessee." *See Henderson v. Vanderbilt Univ*., 534 S.W.3d 426, 449 (Tenn. Ct. App. 2017); *see also Buckman v. Mountain States Health All.*, 570 S.W.3d 229, 241 (Tenn. Ct. App. 2018) (Swiney, J., concurring) (asking the legislature to amend the THCLA to eliminate the "unintended consequence" where cases are dismissed "for technical reasons without any decision ever being made as to the possible merits of the case"), *abrogated by Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322 (Tenn. 2020).

Nevertheless, considering the unique facts of this case and the authority cited herein, we agree with the trial court's conclusion that the First Amended Complaint superseded the Original Complaint in its entirety. Thus, we affirm the trial court's judgment dismissing the action in its entirety for failing to comply with the mandatory provision in Tennessee Code Annotated § 29-26-122(a), that "the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint."

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Stephanie Allen.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[5] In contrast, the failure of a defendant to file a certificate of good faith with "an answer or amended answer" that alleges "that a non-party is at fault for the injuries or death of the plaintiff" makes "such allegations subject to being stricken." Tenn. Code Ann. § 29-26-122(b), (c).